## 6348.  LOWTHER *v.* THE STATE.

There was sufficient evidence to authorize a finding that the cow and the yearling which the accused admitted he had driven from the premises of the person named in the indictment as the owner of the property alleged to have been stolen were the cow and the yearling described in the indictment as the stolen property, and that the accused took them from the owner with intent to steal.

DECIDED MAY 4, 1915.

Indictment for larceny; from Liberty superior court—Judge Larsen.  December 28, 1914.

*Ben. A. Way,* for plaintiff in error.

*W. F. Slater, solicitor-general,* contra.

WADE, J.  It is insisted that the verdict was unauthorized, because the cow and the yearling driven off by the accused were not shown to be the identical cow and yearling described in the indictment as the property of one Goss.  One witness for the State testified that the cow was marked exactly as the indictment alleged the stolen cow was marked, and the description of both cow and calf agreed with that of the cow and calf mentioned in the indictment. This witness said he had seen the cow belonging to Goss, which was alleged to be stolen, together with the bull yearling in Goss's field, time and again, and he was "sure they [the cow and the yearling driven off by the accused] were the same cow and yearling that [he] saw in Goss's field." While the witness admitted, on cross-examination, that he did not know how the cow he had seen in Goss's field was marked, and said that "she was the same cow because she was the same color,—it is possible that I may be mistaken about it," he further testified, on redirect examination: "I know the cow that was in Goss's field was the one that went to my house;" and it is undisputed that the one which went to his house was the one driven off by the accused.  The jury were authorized, from his testimony, to find that the cow and the yearling which the defendant admitted he drove away were the same cow and yearling described in the indictment as the property of Goss.

The explanation offered in behalf of the defendant is in some particulars consistent with the theory of innocence; but since the jury did not credit this testimony, and concluded that the defendant was guilty of larceny beyond all reasonable doubt, we can not arbitrarily set aside their finding.  We can not invade the province

of the jury and set aside their verdict, when there is testimony supporting all the essential averments in the indictment, even though the testimony may appear to us to be somewhat weak and uncertain.

*Judgment affirmed. Russell, C. J., concurs dubitante.*