8736.   PITTSBURG PLATE GLASS COMPANY *v.* MARIL.

Where, in a former suit between the same parties, relating to the same subject-matter, a judgment was rendered against the defendant, and its motion for a new trial was overruled, and the judgment overruling the motion for a new trial was affirmed by this court by the dismissal of the bill of exceptions assigning error thereon, and the defendant subsequently brought a petition to review and set aside the original judgment, the petition was properly dismissed on general demurrer, when it appeared that the grounds for review were known, or could by reasonable diligence have been discovered, in time to incorporate them in the motion for a new trial made in the former case.

DECIDED JANUARY 29, 1918.

Motion to set aside judgment; from city court of Savannah— Judge Freemen.   March 16, 1917.

On November 22, 1911, J. Maril brought suit on a certain rent contract against Adella C. Boswell, as principal, and B. S. Jones, as surety, the suit being made returnable to the February term, 1912, of the city court of Savannah.   On the same date, but after the filing of the suit, Maril caused a summons of garnishment to issue from a justice's court, returnable to the February term, 1912, of the city court, and directed to the Pittsburg Plate Glass Company, requiring that company to answer what money, property, or effects it had on hand belonging to the defendants Adella C. Boswell and B. S. Jones.   The summons of garnishment was duly served on the Pittsburg Plate Glass Company on November 22, 1911.   At the February term, 1912, of the city court the defendants Boswell and Jones duly filed pleas in abatement, which the court sustained, and Maril thereupon sued out a writ of error to the Court of Appeals of Georgia, and this court on December 21, 1912, rendered a decision of reversal.   On February 24, 1913, the defendant Jones filed an application in writing for a stay of the proceedings in the case, upon the ground that on February 15, 1913, he was duly adjudged a bankrupt.   A judgment was taken against the defendant Boswell on March 14, 1913, and on May 14, 1913, the defendant Jones was discharged as a bankrupt.   On April 24, 1916, the case of Maril against Jones, and the case against the Pittsburg Plate Glass Company, as garnishee, came on for trial before the judge of the city court, sitting without the intervention of a jury, and a judgment was rendered against Jones for $340, besides interest and costs, with a perpetual

stay of execution against him, and on that judgment the court ordered that a judgment be taken by the plaintiff against the Pittsburg Plate Glass Company, as garnishee, for the full amount of the judgment against Jones, on the ground that the garnishee had not filed an answer at the February term, 1912, of the said court, or at any time thereafter to the summons of garnishment served on it, and had therefore been in default as such garnishee since that term. On April 27, 1916, after the rendition of these judgments, and within the time allowed by law, the defendant Jones and the garnishee filed a joint and several motion for a new trial, which was overruled; they excepted to the overruling of the motion and carried the case to the Court of Appeals, and on February 1, 1917, this court rendered a judgment dismissing the writ of error. See *Jones* v. *Maril*, 19 *Ga. App.* 216 (91 S. E. 445). After the remittitur from the Court of Appeals had been made the judgment of the lower court the Pittsburg Plate Glass Company filed a motion to set aside the judgment against it, and Maril filed a demurrer to this motion, the court sustained the demurrer and dismissed the motion, and it is to the dismissal of this motion that the plaintiff in error now excepts.

*Payne & Jones, Shelby Myrick,* for plaintiff in error.

*David S. Atkinson, Morris H. Bernstein,* contra.

WADE, C. J. (After stating the foregoing facts.) In the case of *Leathers* v. *Leathers*, 138 *Ga.* 740 (76 S. E. 44), our Supreme Court said: "Where in a former suit between the same parties, and relating to the same subject-matter, a verdict and judgment were rendered against the defendant, whose motion for a new trial was overruled, and such judgment was affirmed by the Supreme Court, a petition subsequently brought by the defendant, to review and set aside the verdict and judgment, was properly dismissed on general demurrer, where it appeared that the grounds for review were such as were known, or could by reasonable diligence have been discovered in time to incorporate them in the motion for new trial made in the former case." In the case of *Frank* v. *State*, 142 *Ga.* 741 (83 S. E. 645, L. R. A. 1915D, 817), division *a* of the second headnote is as follows: "Where a motion for a new trial is made by the defendant, with knowledge of the fact that the verdict was rendered in his absence, and such motion does not contain that fact as a ground for new trial, though it is

recited therein, it is too late, after the motion for new trial has been denied and the judgment has been affirmed by this court, to make a motion to set aside the verdict on that ground." In discussing this ruling the court said: "When, therefore, the defendant by motion for a new trial invoked from the court a ruling upon alleged errors that had been committed upon the trial, . . he will not be heard to say that the verdict was a nullity . . . after the motion for a new trial has been denied and the judgment denying it affirmed by this court. . . He had the right to invoke the ruling on that question on the motion for new trial, and, failing to do so, he can not now be heard to say that he will treat the verdict as a nullity and move to have it set aside as such. It would be a reproach upon the court's administration of the law to allow a defendant to make a motion for new trial, with a knowledge of his absence when the verdict against him was rendered, and have the grounds of the motion adjudicated by the court, and then move to set the verdict aside as void. . . It would be trifling with the court to allow one who had been convicted of crime, and who had made a motion for new trial . . . to have the motion heard by both the trial court and the Supreme Court, and, after a denial by both courts of the motion, to now come in and by way of a motion to set aside the verdict include matters which were or ought to have been included in the motion for a new trial." The United States Supreme Court (237 U. S. 309, 35 Sup. Ct. 582, 59 L. ed. 969), in discussing this feature of the decision in the Frank case, said: "His contention that his lawful rights were infringed because he was not permitted to be present when the jury rendered its verdict, has been set aside, because *it was waived by his failure to raise the objection in due season when fully cognizant of the facts"* (italics ours). In the case of Lowther v. *State,* 18 *Ga. App.* 461 (89 S. E. 536), this court held: "The plaintiff in error can not, by motion in arrest of judgment, raise for the first time the point that the sitting of the court at which he was tried and convicted was not during a legal term of the court; it appearing that he made a motion for new trial. *Lowther* v. *State,* 16 *Ga. App.* 289 (85 S. E. 208). If it was not a legal term of the court, *he could and ought to have raised the point in the motion for a new trial. He is precluded*

*as to all points that he could have made at the time of the hearing
and overruling of his motion for new trial"* (italics ours).

It is manifest from these decisions that if the Pittsburg Plate
Glass Company knew, or by the exercise of reasonable diligence
could have known, all the facts or points raised in the motion to
set aside when it made its motion for new trial, the demurrer ob-
jecting to the motion to set aside upon this ground was well taken,
and the court did not err in dismissing the motion. This court
will take judicial cognizance of its own records (*Frank* v. *State,*
supra); and, upon an inspection of the motion for a new trial in
the record brought to this court on the former writ of error in this
case (*Jones* v. *Maril,* supra), we find the points therein raised to
be practically the same as are now raised in the motion to set aside
the judgment; or, to say the least of it, the questions raised at
this time could by the exercise of reasonable diligence have been
raised in the motion for new trial. In fact counsel for the plaintiff
in error admits this to be true, but contends that, since the mo-
tion for a new trial filed jointly and severally by Jones and the
Pittsburg Plate Glass Company was held by this court to be a
nullity, it should not be now precluded from raising these ques-
tions. To assent to this contention would be to permit one to
take advantage of his own laches. The plaintiff in error made a
motion for a new trial, and by the exercise of due diligence could
certainly have raised the identical questions which it now seeks
to urge. The objection to the motion to set aside, raised by this
ground of the demurrer, being, as above suggested, amply suffi-
cient to warrant the court's dismissal of the motion to set aside,
any discussion of the numerous other objections raised by the de-
murrer is unnecessary.

     *Judgment affirmed. Jenkins and Luke, JJ., concur.*