22562. Globe Indemnity Company *et al. v.* Legien.

MacIntyre, J. By stipulation the parties agreed that the question submitted to the Department of Industrial Relations was: "Does the accident arising under the given circumstances, under the given conditions, constitute an accident arising out of the employment and solely by reason of the employment?" They agreed also that while the employee was

in the performance of his duties a dog strayed in, from whose appearance the employee judged the animal to be mad, and to protect himself he ran and leaped upon a lumber truck used on the premises, only to be followed by the dog, whereupon the employee jumped off the truck, accidentally fell to a cement floor, and was injured. *Held:*

1. The Department of Industrial Relations properly decided that the workmen's compensation act does not restrict the making of an award to accidents "arising out of the employment and *solely* by reason of the employment;" but that it covers injuries by accident "arising out of and in the *course* of employment" [italics ours]; which is broader than the other limitation. It was, furthermore, proper to hold that the Department of Industrial Relations was bound by what the law actually was, rather than by a stipulation between the parties as to what it was; and that in adjudicating the case upon a legal stipulation, it was their duty, if the law point was erroneously stipulated, to look beyond it to the law as enacted.

2. The Department of Industrial Relations was authorized to find, under the facts of this case, that the employee was injured in the course of his employment. We think the case comes within the following rule: "While compensation is ordinarily not recoverable unless the injury arises out of and in the course of employment, it is the general rule in this country, established by the great weight of authority, that an employee does not, in contemplation of law, go outside his employment if, when confronted with a sudden emergency, he steps beyond his regularly designated duties in an attempt to save himself from injury, to rescue another employee from danger, or to save his employer's property." *Metropolitan Casualty Insurance Co.* v. *Dallas*, 39 *Ga. App.* 38, 40 (146 S. E. 37). That the employee was not actually in danger of injury does not change the rule, if he acted as any reasonable man would have acted under the circumstances. See, in this connection, Brightman v. Ætna Life Ins. Co., 220 Mass. 17, wherein it is held that "Where it appears that a cook employed upon a lighter, who was required to live on board a large part of the time, when the lighter was sinking in a harbor made several trips to and from the deck of the lighter in saving some of his clothes and a surveying instrument, and, as he had valvular disease of the heart, his exertion and the excitment incident to the loss of the vessel caused him to die on the pier of a dock shortly after he had reached it with his clothes and the instrument, it can be found by the Industrial Accident Board that the injury that caused his death arose out of and in the course of his employment within the meaning of the workmen's compensation act." The judge of the superior court did not err in upholding the findings of the Department of Industrial Relations.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED SEPTEMBER 25, 1933.

*James N. Frazer,* for plaintiff in error.
*Alston, Alston, Foster & Moise,* contra.