40777. LAVENDER v. ZURICH INSURANCE COMPANY
et al.

Decided July 15, 1964—Rehearing denied July 30, 1964.

*O. L. Crumbley,* for plaintiff in error.
*Harris, Russell & Watkins, Philip R. Taylor,* contra.

RUSSELL, Judge. The amendment to *Code Ann.* § 114-106 (Ga. L. 1963, pp. 141, 142), which provides that where there is a bona fide dispute as to the facts a settlement between the parties giving due regard to conflicting evidence *shall* be approved by the board, is not involved here since the award was entered in 1962. It is therefore unnecessary to decide (a) whether this section relates to situations where there is a stipulation to the effect that the claimant is not entitled in any amount, or (b) whether, if so, this stipulation would be inadequate for the purpose because it does not recite any of the facts and disputed evidence, but merely a general conclusion of the parties to the effect that there is no liability. There is nothing which prohibits the Board of Workmen's Compensation from entering awards based on stipulations, even though the effect of the award is to deny compensation in any amount to the claimant. *McCord v. Employers Liability Assurance Corp.*, 96 Ga. App. 35 (99 SE2d 327); *Tigue v. American Mut. Liability Ins. Co.*, 108 Ga. App. 723 (134 SE2d 525). These cases concern awards based on stipulations which recite facts rather than conclusions. Where the stipulation merely states an erroneous conclusion of law, the board should disregard it. *Globe Indem. Co. v. Legien*, 47 Ga. App. 539 (1) (171 SE 185). Whether on appeal, mere conclusions of fact are binding on the parties was considered but not decided in *McCord*, supra. In *Tigue*, supra, which also dealt with the question as it was raised on a direct appeal, the facts stipulated were no more consistent with the conclusion reached (that the claimant was not entitled to compensation) than with an opposite conclusion. There the employer had notice of injury at the latest by August 21, 1962, when the first report of injury was filed. The stipulation on which the award was entered recited as a conclusion that the claimant had not given the required notice of injury, in support of which conclusion it was recited that the first report of injury showed a date of August 18; that the claimant had placed the date as August 1 in a conversation with the doctor and as "sometime in July" in a statement to the company. All of these statements are consistent with, but do not demand, a finding that proper notice was given. Consequently, neither of these cases reaches the exact situation

here, where the stipulation sets out no facts, but only a general conclusion that the claimant is not entitled to an award in his favor.

The plaintiff, however (disregarding entirely the implications of estoppel arising from his voluntary action in signing the stipulation and failing to show facts which would relieve him from its consequences) has filed a motion to set aside the award based only on grounds which are statutory grounds of appeal and must therefore be raised within thirty days. *Code* § 114-710. If, as contended, the award is not supported by sufficient competent evidence, and is contrary to law because without evidence to support it, then it should have been appealed on these grounds within the time provided by law. When the time for appeal has passed, the award is res judicata. *Complete Auto Transit, Inc. v. Davis,* 101 Ga. App. 849 (1) (115 SE2d 482). A final judgment cannot be vacated solely on grounds which could have been taken by an appeal from the judgment. *Pittsburg Plate Glass Co. v. Maril,* 21 Ga. App. 682 (94 SE 903) ; *Manry v. Stephens,* 190 Ga. 305 (9 SE2d 58). The purpose of a statement of findings of fact preceding the award is to enable the losing party intelligently to prepare his appeal, and to enable the reviewing court to determine the basis of decision. *Southeastern Exp. Co. v. Edmondson,* 30 Ga. App. 697 (119 SE 39) ; *Pacific Employers Ins. Co. v. West,* 213 Ga. 296 (99 SE2d 89). It does not render the award absolutely void, but is an error which may be corrected by direct appeal.

The petition shows no grounds for setting aside the award after the time for appeal had expired, and the trial court did not err in sustaining the general demurrer.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*