## 49209. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY et al. v. MILLER.

Argued April 3, 1974 — Decided April 9, 1974 — Rehearing denied April 24, 1974 —

682

*George W. Mullins, Jr.,* for appellants.
*L. D. Burns, Jr., John C. Tyler,* for appellee.

DEEN, Judge.
It is obvious that since both the employer and

employee entered into a contract agreement that they would for a consideration accept the board award finding there had not been a new injury, and leaving open the question of aggravation of a previous injury, that the bone of contention lies between the two insurers. Not only is this agreement approved by the board, it is based on a hearing and board adjudication denying compensation under the "new accident" theory. The award in claim No.7419, not having been appealed, is res judicata to the effect that the 1972 incident did not constitute a new injury. *Arnold v. Indemnity Ins. Co.*, 94 Ga. App. 493 (95 SE2d 29); *Noles v. Nat. Engine Rebuilding Co.*, 119 Ga. App. 833 (169 SE2d 185). Under Code § 114-606 "the insurer or insurers shall in all things be bound by and subject to awards, judgments, or decrees rendered against such insured employer." And Code § 114-607 provides: "No policy or contract of insurance shall be issued unless it contains the agreement of the insurer or insurers that it or they will promptly pay to the person entitled to same all benefits conferred by this Title and all instalments of the compensation that may be awarded or agreed upon, and that the obligation shall not be affected by any default of the insured after the injury, or by any default in giving notice required by such policy, *or otherwise.*" (Emphasis supplied.)

We are well aware that for purposes of determining the statute of limitation the rule is settled that where the employee has sustained an employment related injury a subsequent employment connected aggravation thereof resulting in disability will be considered a new accident. *Blackwell v. Liberty Mutual Ins. Co.*, 230 Ga. 174 (196 SE2d 129); *House v. Echota Cotton Mills, Inc.*, 129 Ga. App. 350 (199 SE2d 585); *Pacific Employers Ins. Co. v. Ivey*, 118 Ga. App. 299 (163 SE2d 435). But here we have a prior award of the board, consented to by both the employer and employee, denying compensation under the "new accident" theory. The employer and its insurer are thus estopped to contend that on the hearing presently being appealed the board should have found that the disability resulted from a change of condition rather than a new accident. An award not appealed "shall be conclusive and binding as to all questions of

fact." Code § 114-710. As a matter of procedure, evidence of these facts was introduced by order of the full board in claim 1843W to consider the effect, if any, of the proceedings relating to the 1972 incident upon the 1970 incident. The final award of the full board contains the following language: "The agreement in claim number 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 was to the effect that no accident had been sustained by the employee between January 10, 1972, and March 21, 1972 (a no liability stipulation). This stipulation and agreement was approved by the Board and therefore has no effect whatsoever on the present case, the issue as to whether or not the employee did in fact sustain an accident subsequent to the one at issue has already been adjudicated and determined that no such accident did occur."

The evidence does in fact show an aggravation of the claimant's back injury and the resulting disability. Accordingly, the judge of the superior court did not err in affirming the award of the full board. The enumerations of error go either to the sufficiency of evidence, or to procedural questions which show no reversible error, with the exception of No. 4, which contends that the board should have allowed Employers Mutual credit for the $6,000 paid by Continental National in exchange for an agreement not to appeal the award. Since this sum was not paid *as disability benefits,* the appellant is entitled to no credit on this theory.

*Judgment affirmed. Stolz and Webb, JJ., concur.*