77451. DAWSON v. ATLANTA PROCESSING COMPANY et al.
(378 SE2d 695)

CARLEY, Chief Judge.

Following a hearing, an Administrative Law Judge (ALJ) awarded workers' compensation benefits to appellant-employee. In addition, the ALJ also found that there had been a failure on the part of appellees-employer/insurer "to properly comply with [OCGA §] 34-9-[221] and Board Rule [221], and a *penalty* may be assessed under [OCGA §] 34-9-9. Further, [appellant] was forced to seek the services of an attorney in order to protect his rights. A reasonable value for these services is one-third of the recovery authorized as set out in a contingency fee contract filed with the Board in approved form. . . . [Appellees are] authorized and directed to pay to counsel for [appellant] an amount equal to one-third of the recovery." Appellees appealed to the Full Board. After a de novo review, the Full Board, with some slight modification, adopted the ALJ's award as its own. Appellees did not appeal to the superior court.

Subsequently, appellees began to pay benefits to appellant. However, instead of paying the full amount of awarded benefits to appellant and an additional amount as add-on attorney's fees to appellant's counsel, appellees deducted the amount of attorney's fees from the amount of the benefits that was being paid to appellant. Appellant notified the Full Board of the manner in which appellee was calculating the amount of benefits that had been awarded to him and of appellees' refusal to pay add-on attorney's fees. The Full Board referred the matter to an ALJ. The ALJ issued an award which construed the

original award as directing that appellees pay add-on attorney's fees. Appellees appealed to the Full Board and, after a de novo review, the Full Board adopted the ALJ's award as its own. Appellees then appealed to the superior court. The superior court found that the original award, although somewhat ambiguously worded, had required appellees to pay add-on attorney's fees. However, the superior court nevertheless reversed, concluding that there was no evidence to support such an award. The present appeal results from this court's grant of appellant's application for a discretionary appeal from the superior court's order.

Appellant enumerates the superior court's reversal of the original award of add-on attorney's fees as erroneous. Appellant's specific contention is that the principle of res judicata would preclude the superior court from any consideration of whether the original award of attorney's fees was supported by the evidence.

The original award was not appealed to the superior court. "The failure to appeal [an award in the time provided for such appeal] makes the award . . . final." *American Mut. Liability Ins. Co. v. Lindsey*, 63 Ga. App. 658 (11 SE2d 512) (1940). See also *Great American Indem. Co. v. Wimberly*, 96 Ga. App. 588 (1 (a)) (100 SE2d 593) (1957). Accordingly, the original award became final when the time for appeal to the superior court had passed. See *Bryant v. J. C. Distrib.*, 108 Ga. App. 401, 405 (2) (133 SE2d 109) (1963). The superior court could not, therefore subsequently, reverse the original award of attorney's fees on the ground that there was no evidence to support it. "If, as contended, the [original] award is not supported by sufficient competent evidence, and is contrary to law because without evidence to support it, then it should have been appealed on these grounds within the time provided by law [to the superior court]. When the time for appeal has passed, the award is res judicata. [Cit.] A final judgment cannot be vacated solely on grounds which could have been taken by an appeal from the judgment. [Cits.]" *Lavender v. Zurich Ins. Co.*, 110 Ga. App. 196, 198 (138 SE2d 118) (1964). See generally *Employers Mut. Liability Ins. Co. v. Miller*, 131 Ga. App. 681 (206 SE2d 574) (1974).

It follows that the superior court erred in determining that the original award of attorney's fees should be reversed for a lack of sufficient evidence to support it. The only issue that the superior court was authorized to consider was whether the *subsequent construction* of the original award as evidencing an award of add-on attorney's fees was correct. Having determined that the subsequent construction of the original award was not erroneous, the superior court was not authorized to reverse the *original* award, regardless of the purported lack of evidentiary support therefor.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

Decided February 1, 1989 —
Rehearing denied February 14, 1989.

*Morse & Ontal, Jack O. Morse,* for appellant.
*John P. Hines, James G. Jackson, Michael D. Usry,* for appellees.