A92A2318. FRAN'S ESCORT SERVICE et al. v. STRICKLAND.
(430 SE2d 389)

CARLEY, Presiding Judge.

The relevant facts in this workers' compensation case are as follows: Appellee-claimant's husband died in a work-related accident. At the time of his death, he had been employed by appellant-employer for the preceding two-and-one-half years as the driver of an escort vehicle. He was not hired to work a specified number of hours per week at a specified hourly, daily or weekly salary. Instead, his employment was entirely intermittent. He worked only when his em-

ployer called upon him to provide the services of an escort vehicle and, as his wages, he received a percentage of the fee charged by his employer for each trip on which he drove the escort vehicle. The number of trips driven and the length of each trip varied from week to week. Accordingly, his wages necessarily varied from week to week. It was stipulated that, for purposes of calculating the average weekly wage, subsection (3) of OCGA § 34-9-260 was the applicable statute. The Administrative Law Judge (ALJ) found that the average weekly wage was equivalent to the amount earned by appellee's husband during one particular week some one-and-one-half months before the fatal accident. On de novo review, the Full Board found that the average weekly wage should be based upon the total earnings for a full calendar year divided by 52 weeks. On appeal, the superior court reversed, finding that the Full Board had "improperly calculated the . . . earnings based on a yearly computation rather than a weekly computation as required by OCGA § 34-9-260 (3)." The employer and appellant-insurer applied for a discretionary appeal and the instant case results from the grant of their application.

The ALJ, the Full Board and the superior court have each made a different determination as to how the average weekly wage is to be calculated under subsection (3) of OCGA § 34-9-260. In so doing, each has apparently felt bound by the parties' stipulation that subsection (3) of OCGA § 34-9-260 is the applicable statutory provision for determining the average weekly wage. This is erroneous. The stipulation that subsection (3) of OCGA § 34-9-260 is the controlling statutory provision is not binding and would not serve to preclude those who are called upon to apply the law from performing their function of determining what constitutes the applicable law to be applied. " '[S]tipulations as to the law are invalid and ineffective. The same rule applies to legal conclusions arising from stipulated facts.' [Cit.]" *Andrews v. Willis*, 133 Ga. App. 697, 699 (212 SE2d 24) (1975). "The stipulation of the parties cannot change the law." *Reeves v. Echota Cotton Mills*, 123 Ga. App. 649, 651 (1) (182 SE2d 126) (1971). "Where [a] stipulation merely states an erroneous conclusion of law, the [B]oard should disregard it. [Cit.]" *Lavender v. Zurich Ins. Co.*, 110 Ga. App. 196, 197 (138 SE2d 118) (1964). See also *Globe Indem. Co. v. Legien*, 47 Ga. App. 539, 540 (1) (171 SE 185) (1933).

By its terms, subsection (3) of OCGA § 34-9-260 applies *only* if subsections (1) or (2) "cannot reasonably and fairly be applied. . . ." Accordingly, only if subsections (1) and (2) of the statute can be eliminated from consideration would resort to subsection (3) then be authorized. *"Unless the contrary appears*, it is assumed that a normal workweek is five days, that the normal workday is eight hours, and that the employee's daily wage is one-fifth of the weekly pay." (Emphasis supplied.) Rule 260 (b) of the State Board of Workers' Com-

pensation. Here, the contrary *does* appear. However, the Full Board has made no independent determination that, under these circumstances, subsections (1) and (2) of OCGA § 34-9-260 "cannot reasonably and fairly be applied. . . ." Therefore, the superior court's order of reversal is affirmed with direction to remand to the Full Board for an independent determination as to whether, without regard to the parties' stipulation, subsection (3) of OCGA § 34-9-260 is indeed the controlling statutory provision for calculating the average weekly wage of appellee's husband.

*Judgment affirmed with direction. Pope, C. J., and Johnson, J., concur.*

DECIDED MARCH 16, 1993 —
RECONSIDERATION DENIED MARCH 31, 1993.

*Barrow, Sims, Morrow & Lee, Charles W. Barrow,* for appellants.
*Leon A. Wilson II,* for appellee.