A92A1100. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY v. HARRIS.
A92A1101. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY v. HARRIS et al.
(427 SE2d 1)

Cooper, Judge.

Appellees in this consolidated appeal were injured in an automobile accident involving a known uninsured motorist. Appellant, appellees' uninsured motorist carrier, appeals the trial court's grant of appellees' motion for partial summary judgment and denial of its motion for partial summary judgment on the issue of appellant's liability for appellees' personal injuries. In its sole enumeration of error, appellant contends it is not liable for these injuries because it was not served within two years of the accident.

The parties' motions for partial summary judgment were based on the following stipulated facts. Appellees were injured in an automobile accident February 14, 1988, when their vehicle collided with a vehicle owned and operated by Glasstream Boats, Inc. ("Glasstream"). Appellees' vehicle was insured by appellant under a policy providing uninsured motorist benefits. In October 1989, Glasstream filed for bankruptcy protection. Appellees filed a motion in the bankruptcy court to modify the automatic stay to allow them to pursue their tort claims against Glasstream in April 1991, and the bankruptcy court granted the modification May 1, 1991. On May 29, 1991, appellees filed the instant actions against Glasstream and served appellant with duplicate originals. Glasstream is in default and uninsured.

Subsection (d) of OCGA § 33-7-11, which sets forth the service requirements in actions involving uninsured motorists, provides: "In cases where the owner or operator of any vehicle causing injury or damages is known, and either or both are named as defendants in any action for such injury or damages, a copy of the action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though the insurance company were actually named as a party defendant. If either the owner or operator of any vehicle causing injury or damages is unknown, an action may be instituted against the unknown defendant as 'John Doe' and a copy of the action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though the insurance company were actually named as a party defendant."

The requirement of service on the insurer is an absolute statutory prerequisite to recovery from the uninsured motorist carrier. See *Bohannon v. Futrell*, 189 Ga. App. 340 (1) (375 SE2d 637) (1988), aff'd *Bohannon v. J. C. Penney Cas. Ins. Co.*, 259 Ga. 162 (377 SE2d 853)

(1989). Moreover, although the insured's right to recover is based on his insurance contract, Georgia courts hold that the same limitation period governing the underlying tort action against the uninsured motorist — two years from the time of injury for personal injury suits pursuant to OCGA § 9-3-33 — also limits the time within which the uninsured motorist carrier must be served under OCGA § 33-7-11 (d). See *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416) (1976). Thus, appellant argues, it cannot be liable for appellees' personal injuries because it was not served with copies of these actions against Glasstream within two years of the accident.

Appellant's reliance on OCGA § 33-7-11 (d) as interpreted and applied in *Vaughn* is misplaced, however, as the statutory requirement of service on the insurer on its face does not apply until the legal action naming the known uninsured motorist as defendant exists. In this case, the known uninsured motorist filed a petition in bankruptcy, so no legal action against it could be commenced until the automatic stay was terminated or modified. See 11 USC § 362 (a) (1). To prevent plaintiffs such as appellees from losing their causes of action due to the passage of time, another provision of the Bankruptcy Code extends limitation periods for commencing actions against debtors in bankruptcy to 30 days after termination or modification of the automatic stay. See 11 USC § 108 (c). Appellees took advantage of this provision, securing a modification of the stay to allow them to pursue their tort claims and then filing these actions against Glasstream within 30 days. It was only when these actions against Glasstream were filed that the statutory requirement to serve a copy of the actions on appellees' uninsured motorist carrier arose, and appellees fulfilled that requirement by serving copies on appellant within the extended limitation period governing the underlying tort action.[1] See *Bohannon*, 259 Ga. at 163.

Citing *Wilkinson v. Vigilant Ins. Co.*, 236 Ga. 456, 457 (224 SE2d 167) (1976), appellant argues that appellees did not need to pursue their claims to judgment against Glasstream, but instead could and should have filed John Doe actions, as if the uninsured motorist were unknown, and served appellant within the two-year limitation period. However, an injured party must obtain a judgment of liability against a known uninsured motorist as a prerequisite to recovery from the

---

[1] The stipulated facts indicate that one appellee had in fact filed an action against Glasstream before Glasstream went into bankruptcy, and that appellee failed to serve a copy of the pre-bankruptcy action on appellant as required by OCGA § 33-7-11 (d). The pre-bankruptcy action was voluntarily dismissed, however, and appellant does not challenge the propriety of that dismissal. The existence of the earlier suit thus does not affect our conclusion that an insured's duty to serve a copy of a legal action on his insurer cannot arise until that legal action is filed and that appellees filed these actions and served copies on appellant, their insurer, within the extended limitation period governing the underlying tort action.

uninsured motorist carrier, *Cash v. Balboa Ins. Co.*, 130 Ga. App. 60, 61 (202 SE2d 252) (1973), unless there is some legal bar to liability on the part of the known uninsured motorist unrelated to the facts of the collision. See *Wilkinson*, supra (discharge in bankruptcy as legal bar to liability of known uninsured motorist under Bankruptcy Code); *Watkins v. United States*, 462 FSupp. 980, 990-991 (S.D. Ga. 1977) (status as driver for federal government as legal bar to liability of known uninsured motorist under Federal Driver's Act), aff'd 587 F2d 279 (5th Cir. 1979). Unlike Glasstream, the uninsured motorist in *Wilkinson* had actually been discharged in bankruptcy. Because the uninsured motorist's discharge in that case constituted a legal bar to liability, the Georgia Supreme Court held the injured party's suit should proceed as a John Doe action lest the insurer escape liability due to the uninsured motorist's discharge. The automatic stay protecting Glasstream, on the other hand, did not constitute a legal bar to liability in the manner of a discharge; instead, it simply operated as a postponement of the right to adjudicate Glasstream's liability. See *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U. S. 552, 560, n. 3 (110 SC 2126, 109 LE2d 588) (1990). Accordingly, there was no legal bar to Glasstream's liability, appellees had to pursue judgment against Glasstream as prerequisite to recovery from appellant, and until appellees could file an action against Glasstream there was nothing to serve on appellant under OCGA § 33-7-11 (d). Therefore, the trial court did not err in granting appellees' motion for partial summary judgment and denying appellant's motion.

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

### ON MOTION FOR RECONSIDERATION.

In its motion for reconsideration, appellant asserts that our interpretation of OCGA § 33-7-11 (d) undermines the purpose of the provision, which is to provide the uninsured motorist carrier with notice of its potential liability in a timely manner so it can act to protect its interests. It may be true that the result in this case is inconsistent with the purpose of the statute. However, OCGA § 33-7-11 (d) plainly states that where the uninsured motorist is known, a copy of the action naming the known uninsured motorist as a defendant must be served on the insurance company. Regardless of the purpose of the statute, these words cannot logically be construed to require service on the insurer of a copy of an action that does not and cannot yet exist. See also *Jefferson Pilot &c. Co. v. Burger*, 176 Ga. App. 471 (336 SE2d 591) (1985).

*Motion for reconsideration denied.*

Decided October 22, 1992 —
Reconsiderations denied December 2, 1992 and December 18,
1992 — 

*Young, Clyatt, Turner, Thagard & Hoffman, William A. Turner, Jr.,* for appellant.

*Kitchens, Wolfson, Smith & Hannan, James R. Smith, Jr.,* for appellees.