A94A1675. BREEZE v. COLUMBUS BANK & TRUST COMPANY.
(448 SE2d 276)

BIRDSONG, Presiding Judge.

Thomas R. Breeze appeals the judgment of the superior court confirming a foreclosure sale under power by Columbus Bank & Trust Company ("CB&T"). Breeze contends the confirmation was not authorized because CB&T did not give timely notice of the sale to the court in accordance with OCGA § 44-14-161. *Held:*

The record shows that after proper notice and advertisement, a foreclosure sale was conducted on May 3, 1993. Thereafter, pursuant to the motion of Breeze's bankruptcy trustee, the bankruptcy Breeze had earlier filed was dismissed on August 20, 1993. The superior court was advised of the foreclosure sale by letter dated August 31, 1993, and this report of sale was acknowledged on September 8, 1993. Subsequently, the application for confirmation of the foreclosure sale filed on September 21, 1993, was granted on March 3, 1994. The order confirming the sale recited that the court had considered "the arguments presented by counsel, the pleadings of record, and documents to be considered in connection therewith"; among other findings not relevant here, the court specifically found that a "proper and timely

report of the foreclosure sale was made to the court by the plaintiff sufficient to satisfy Georgia law, including OCGA § 44-14-161." In accordance with those findings, the trial court confirmed the sale and authorized an action seeking a deficiency judgment.

Breeze contends the trial court's finding regarding the timeliness of the report of sale was erroneous because the sale was not reported within 30 days of the foreclosure sale as required by OCGA § 44-14-161. Although it is obvious the sale was not reported within 30 days of the foreclosure sale, under the circumstances of this case that is not significant. Breeze had earlier filed for bankruptcy and invoked the automatic stay of proceedings contained in 11 USC § 362 (a). As a result CB&T was prevented from foreclosing on Breeze's property; the foreclosure sale was conducted pursuant to a stipulation between the parties which was approved by the bankruptcy court. This approval, however, extended only to foreclosing on CB&T's security interest in the property, and did not extend to other proceedings. Therefore, the stay remained in effect for other purposes. Although filing the bankruptcy entitled Breeze to the protections of 11 USC § 362 (a), the filing, however, also implicated 11 USC § 108 (c). This section tolls the running of periods of limitation which would otherwise expire during the period of a stay in bankruptcy until 30 days after the termination of the stay. Therefore, as the automatic stay was in effect when the foreclosure sale was held, the 30-day period provided for in OCGA § 44-14-161 did not begin to run until 30 days after the bankruptcy was dismissed. See *State Farm &c. Co. v. Harris*, 207 Ga. App. 8, 9 (427 SE2d 1). Breeze's arguments based upon a strict application of the 30-day time limit in OCGA § 44-14-161 are therefore without merit.

Accordingly, the trial court did not err in concluding that the sale was properly and timely reported in accordance with OCGA § 44-14-161, and as the findings of the court were not clearly erroneous, the judgment below must be affirmed. *Government Nat. Mtg. Assoc. v. Belue*, 201 Ga. App. 661, 662 (411 SE2d 894).

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED AUGUST 29, 1994.

*Westmoreland, Patterson & Moseley, Bradley G. Pyles, Kirby R. Moore*, for appellant.

*Page & Scrantom, James C. Clark, Jr.*, for appellee.