## A95A1045. J.T. INDUSTRIAL CONTRACTORS, INC. v. HARGIS RAILCAR, INC.
### (458 SE2d 702)

SMITH, Judge.

This appeal involves the interplay between OCGA § 9-3-25, which sets a four-year statute of limitation for actions on account, and a provision in the Bankruptcy Code, 11 USC § 108 (c). The issue is whether the latter provision tolls the running of the statute of limitation during the pendency of a bankruptcy. J.T. Industrial Contractors, Inc. ("J.T."), brought this action against Hargis Railcars, Inc., to recover compensation for services performed. The trial court granted judgment on the pleadings in favor of Hargis based upon the expiration of the statute of limitation, and J.T. brings this appeal.

The work was done by J.T. pursuant to an agreement with Hargis entered into on March 3, 1989. Hargis filed a petition for relief in bankruptcy under Chapter 11 on March 22, 1990, which was dismissed on February 24, 1994. J.T. then initiated this action on May 26, 1994.

J.T. recognizes that the statute of limitation had expired at the time its action was filed. It also recognizes that although a split may exist among foreign jurisdictions regarding whether the federal statute tolls, or merely extends, state statutes of limitation, the trial court's decision followed established case law of this state. It relies, however, upon a recent decision of this court interpreting 11 USC § 108 (c) to support its contention that the statute of limitation was tolled during Hargis's bankruptcy proceedings. We do not agree.

11 USC § 108 (c) provides that "if applicable non-bankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of — (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay . . . with respect to such claim."

It is clear from this court's decision in *State Farm Mut. Ins. Co. v. Harris*, 207 Ga. App. 8 (427 SE2d 1) (1992), that if the limitation period set by state law has expired during a bankruptcy, suit against the debtor must be commenced within 30 days after the termination of the automatic stay. Taking certain language in the opinion out of context, J.T. contends that *Breeze v. Columbus Bank &c. Co.*, 214 Ga. App. 534 (448 SE2d 276) (1994), holds otherwise. This court held in *Breeze* that 11 USC § 108 (c) "tolls the running of periods of limitation which would otherwise expire during the period of a stay in bankruptcy *until 30 days after the termination of the stay.*" (Em-

phasis supplied.) Id. at 535. The meaning of that statement is clear and is not changed by use of the word "tolls": We held in *Breeze* not that the statute of limitation does not run during the bankruptcy proceedings, but that the period for filing suit against the debtor is extended *notwithstanding* the running of the limitation period, until 30 days after the stay is lifted.

Since the action against the debtor in this case was filed more than 30 days after the stay was lifted, the trial court properly granted judgment on the pleadings in favor of Hargis.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED JUNE 28, 1995.

*Pamela M. Richards,* for appellant.

*Adams & Hemingway, Gregory G. Schultz,* for appellee.