A02A0198. WILCHER et al. v. SMITH.
(568 SE2d 589)

POPE, Presiding Judge.

Four-year-old Dontavius Wilcher was struck by a truck driven by defendant John Edward Smith as he crossed the road to his school bus on the morning of November 20, 1997. Wilcher's mother, Kathleen Walker, filed suit on his behalf and individually against Smith and seven other defendants on November 13, 1999. Smith notified his insurer, Atlanta Casualty Insurance Company of the suit, and Atlanta Casualty and plaintiffs' attorney agreed in writing (by facsimile) to extend the time for Smith to file his answer to January 3, 2000. However, this extension agreement was never filed with the court, and Smith did not file his answer until January 13, 2000.

On May 17, 2002, plaintiffs dismissed the suit against the other defendants and moved for a default judgment against Smith. Smith responded that the agreement between plaintiffs' attorney and Atlanta Casualty constituted an extension under OCGA § 9-11-6 (b), and since his answer was filed within 15 days of the extended deadline of January 3, 2000, he was entitled under OCGA § 9-11-55 (a) to open default as a matter of right by filing his answer and paying costs. The trial court, citing OCGA § 9-11-6 (b), denied the motion for default judgment and allowed Smith to file his answer, but granted plaintiffs a certificate of immediate review. We granted plaintiffs' application for interlocutory review, and this appeal followed.

OCGA § 9-11-55 (a) provides, in pertinent part,

> [i]f in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon payment of costs.

Smith argues that the time for filing the answer had been extended "as provided by law," and that pursuant to OCGA § 9-11-55 (a), he was entitled to open default as a matter of right. Plaintiffs argue that

because the agreement was never filed with the court, it was ineffective to operate as an extension under OCGA § 9-11-6 (b). We agree.

> A request for an extension of time . . . must be made before the expiration of the original period prescribed by the statute (OCGA § 9-11-6 (b)), and by written stipulation of counsel *filed in the action*. A private agreement between counsel extending time to file pleadings is not binding except when in compliance with this code section and *it is filed with the court*.

(Citations and punctuation omitted; emphasis supplied.) *Roberson v. Gnann*, 235 Ga. App. 112, 114 (2) (508 SE2d 480) (1998). Because the time for filing his answer had not been extended as provided by law, and his answer was thus not filed within 15 days of the day of default, Smith was not entitled to open default as a matter of right pursuant to OCGA § 9-11-55 (a).

Smith argues, however, that even if subsection (a) of OCGA § 9-11-55 does not apply, he nevertheless was entitled to open default under subsection (b) of that Code section. Under this section,

> [a] default may be opened if the defaulting party satisfies four conditions and one of the required three grounds. The four conditions are a showing made under oath, an offer to plead instanter, an announcement of ready to proceed to trial, and setting up a meritorious defense. The three grounds are providential cause, excusable neglect, and a proper case.

(Citations omitted.) *Roberson*, 235 Ga. App. at 115 (4).

Smith argues that his reliance on his insurer to provide a defense constitutes excusable neglect under OCGA § 9-11-55 (b). We need not consider, however, whether Smith's reliance on his insurer constitutes excusable neglect under the facts of this case because the record shows that Smith has failed to comply with the four conditions listed in that section. "Generally, the opening of a default rests within the sound discretion of the trial court. However, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open the default." (Citations and punctuation omitted.) *C. W. Matthews Contracting Co. v. Walker*, 197 Ga. App. 345, 346 (1) (398 SE2d 297) (1990).

In his response to plaintiffs' motion for default judgment, Smith merely stated that he had previously interposed his meritorious defenses, and attached his answer. But Smith's answer, which might otherwise constitute a meritorious defense, was not made or verified under oath. "The showing of a meritorious defense is one of the show-

ings which must be made under oath, and is a condition precedent to the opening of a default. In the absence of such a showing under oath, the trial court has no discretion to open the default." *SunTrust Bank &c. v. Perry*, 233 Ga. App. 701, 702 (505 SE2d 230) (1998). Cf. *Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 429 (2) (535 SE2d 780) (2000) (although the answer was not verified, defendant filed an affidavit setting forth with sufficient detail the allegation that it was not liable). It follows that the default could not be properly opened in this case under either subsection (a) or (b) of OCGA § 9-11-55, and the trial court thus erred in denying plaintiffs' motion for default judgment.

*Judgment reversed. Ruffin and Barnes, JJ., concur.*

DECIDED JULY 9, 2002.

*Gardner & Gardner, Milton F. Gardner, Jr.*, for appellants.
*Sherman E. Moody III*, for appellee.