A04A0401. LUCAS v. INTEGRATED HEALTH SERVICES OF
LESTER, INC. et al.
(601 SE2d 701)

ADAMS, Judge.

Appellant Barbara Lucas, as Administratrix of the Estate of Annette Austin, filed suit in the State Court of Fulton County against appellee Integrated Health Services of Lester, Inc. d/b/a Integrated Health Services of Atlanta at Buckhead ("IHS") and others on January 27, 2000. After it had been served with the complaint but before

---

its answer was due, IHS filed a Chapter 11 bankruptcy petition, and notified the state court of the imposition of the stay pursuant to 11 USC § 362.

On August 22, 2002, the bankruptcy court entered an order modifying and lifting the stay as to the claims being asserted against IHS by Lucas. On September 24, 2002, IHS filed its unverified answer to the complaint. Counsel for IHS made several attempts to contact Lucas's counsel concerning whether Lucas was going to challenge the answer as untimely, and on October 4, 2002, Lucas's counsel responded with a letter stating he considered the answer to be untimely. On October 25, 2002, IHS sent a check for costs to the trial court and subsequently filed a motion seeking a declaration that it was not in default or, in the alternative, a motion to open default.

On January 8, 2003, the trial court entered an order finding that IHS's answer was not untimely. The court further noted that even if the answer were deemed to be untimely, then the default should be opened based on either excusable neglect or because a proper case had been presented for opening the default. The court reasoned:

> Pretermitting whether [11 USC § 108 (c)] governs the time for filing [a]nswers in state court actions, the 30 day period begins to run after notice of the expiration of the stay. In this case, a Notice of Stay was filed in this Court on February 23, 2000. While a Notice of Stay Modification was filed in the United States Bankruptcy Court on August 22, 2002, no such notice was filed in this Court so that, the Notice of Stay, previously filed, governs the time periods in this case. The Notice of Stay Modification filed in the bankruptcy court merely permits certain claims against IHS to proceed. It does not, as a matter of law, lift the stay in place in this case, but arguably, would allow the stay to be lifted by either agreement or Court Order. The original stay in this case remains in effect and shall remain in effect until such time as the parties either: (1) stipulate to an order lifting the stay; or (2) one party files a motion with this Court asking that the stay be lifted based upon a proper and competent showing that the bankruptcy court has authorized such a lifting of the stay for the claims that are pending in this Court. Once the Court has made a determination as to the lifting of the stay in this case, the time for filing [a]nswers and other pleadings will likewise be determined.

The trial court also found that although the attorney representing IHS in this case did not have actual notice that the stay had been

lifted until August 26, 2002, IHS had notice at the time of the issuance of the modification because its bankruptcy counsel signed the notice.

1. Lucas first argues that the trial court erred in concluding that the stay remained in effect in the state court until some action was taken in that court to lift the stay. We agree that the trial court erred in reaching this conclusion. The imposition of the stay under 11 USC § 362 is automatic upon filing of the bankruptcy petition, and the protections afforded to the debtor attach immediately. In our view it follows that the protections afforded by the stay should end on the date the stay is lifted, modified or terminated by order entered in the bankruptcy court, and no other action need be taken in any other forum to recommence the clock ticking.

Moreover, although no statute prescribes the time period for filing an answer under these circumstances and this Court has not considered this exact issue, this Court has considered the analogous question of when suit must be filed when the applicable statute of limitation has expired on the claim during the pendency of the stay. In *J. T. Industrial Contractors v. Hargis Railcar*, 217 Ga. App. 679, 680 (458 SE2d 702) (1995) we concluded, based on the interplay between the applicable state statute of limitation fixing the time for bringing suit and 11 USC § 108 (c),[1] "that the period for filing suit against the debtor is extended *notwithstanding* the running of the limitation period, until 30 days after the stay is lifted." (Emphasis supplied.) *J. T. Contractors v. Hargis*, 217 Ga. App. at 680. Thus, in that case, we found the trial court correctly determined that the suit was time-barred, since the action against the debtor had been filed more than 30 days after the stay was lifted. Id. See also *Breeze v. Columbus Bank & Trust Co.*, 214 Ga. App. 534, 535 (448 SE2d 276) (1994) (pursuant to 11 USC § 108 (c), period of limitation which would otherwise expire during the pendency of the stay does not expire until 30 days after the stay is lifted); *State Farm &c. Ins. Co. v. Harris*, 207 Ga. App. 8, 9 (427 SE2d 1) (1992) ("[t]o prevent . . . losing . . . causes of action due to the passage of time, [11 USC § 108 (c)] extends limitation periods for commencing actions against debtors in bankruptcy to 30 days after termination or modification of the automatic stay").

---

[1] That section provides as follows:
if applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of – (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay . . . with respect to such claim.

We are not persuaded that there should be a different time limit for filing an answer in a suit once the stay has been lifted or modified. If an action against a debtor who has enjoyed the protections from suit during the pendency of the automatic stay must be filed or commenced within 30 days of the lifting of the stay if the statute of limitation for filing suit has expired during the pendency of the stay, then the debtor who has been relieved from filing an answer by the imposition of the stay after service has been made must respond to those claims within 30 days after the stay is lifted. And this is true whether the question is considered under 11 USC § 108 (c) or applicable state law which gives 30 days to file an answer once service is perfected.

IHS argues, however, that the 30-day time limit under 11 USC § 108 starts upon "notice" and although notice was received by its bankruptcy counsel at the time the stay was modified, notice was not received by counsel in the state court action until August 26, 2002. But, as the trial court found, IHS had notice at the time stay was modified on August 22, 2002, and we find that it is that notice that recommences the running of the clock. It makes no sense to fashion a rule based on when a particular attorney representing a debtor in a particular action receives notice of the termination of the stay when it is clear that the debtor, or the attorney representing it in the bankruptcy proceeding, received notice when the stay was lifted or terminated.

Lastly, IHS's counsel's "experience" in previous cases that there was no specific deadline for filing an answer once the stay was lifted does not provide support for a different result here. And the argument that the attempted communications with Lucas's attorney concerning the time for filing the answer somehow resulted in the default is likewise unavailing. Even if an agreement extending the time for filing the answer had been reached, it would have been of no force or effect unless it was filed with the trial court. *Wilcher v. Smith*, 256 Ga. App. 427, 428 (568 SE2d 589) (2002); *Roberson v. Gnann*, 235 Ga. App. 112, 114 (2) (508 SE2d 480) (1998).

2. Lucas also argues that the trial court erred in opening default under OCGA § 9-11-55 (b).

> Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. This court has previously held that the "showing" required by this Code section to be made "under

oath" includes the showing of a "meritorious defense." Generally, the opening of a default rests within the sound discretion of the trial court. However, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open the default. (Citations and punctuation omitted.) *Stewart v. Turner*, 229 Ga. App. 119, 121 (493 SE2d 251) (1997). . . . In order to make a "showing" that a meritorious defense exists, the defendant must set forth facts that show the existence of the essential elements of such defense even though "there is no requirement that the affidavit (or verified answer) contain in great detail the factual basis of the proposed defense." (Citations and punctuation omitted.) *Pinehurst Baptist Church v. Murray*, 215 Ga. App. 259, 261 (450 SE2d 307) (1994). The trial court must, however, have sufficient facts before it to determine if a meritorious defense is factually raised so that the judge can exercise discretion.

*Forrister v. Manis Lumber Co.*, 232 Ga. App. 370, 373 (3) (501 SE2d 606) (1998).

Pretermitting whether IHS failed to satisfy *any* of the four conditions precedent to opening default, as Lucas contends, we agree that IHS failed to set forth a meritorious defense in this case. Although IHS argues that it "set forth a meritorious defense to the case [by] referenc[ing] the medical records which had been filed in this case by [Lucas] in opposition to the Kaufmann's defendant's motion for summary judgment [and that is] also referenced the deposition of Dr. Silverman in its Brief[,]" these "references" were clearly not sufficient to set forth the "essential elements" of a meritorious defense under oath. To the contrary, a review of IHS's counsel's affidavit shows that the only reference to medical records or depositions that were made under oath concerned the fact that Lucas had obtained a certified copy of medical records from IHS's records' custodian without first obtaining permission from IHS's counsel to make that contact. This provided no basis for the trial court to determine that a meritorious defense had been factually raised.

"While the affidavit submitted by [IHS's] counsel in support of his motion to open the default in the present case set forth reasons for his failure to file a timely answer to the complaint, it did not disclose the nature of [IHS's] defenses, and the answer . . . was not verified." *Grayson & Hollingsworth, Inc. v. C. Henning Studios*, 194 Ga. App. 531, 532-533 (391 SE2d 8) (1990). Because IHS failed to set forth a meritorious defense under oath, the trial court was without discretion to open the default. *Wilcher v. Smith*, 256 Ga. App. at 429.

*Judgment reversed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED JUNE 2, 2004 —
RECONSIDERATION DENIED JULY 2, 2004 — 

*Betts & Katz, David E. Betts, Stephen M. Katz*, for appellant.
*Perry A. Phillips*, for appellees.