**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 16, 2013**

# In the Court of Appeals of Georgia

A13A0501. CHUGH SHOPPING CENTER, INC. v. AMERIS
    BANK.

PHIPPS, Chief Judge.

Ameris Bank[1] filed suit on a promissory note against Chugh Shopping Center,
Inc.,[2] eventually procuring a default judgment. About two years later, Chugh
Shopping Center filed a motion to set aside the default judgment as prematurely

---

[1] The parties agree that, at the outset of this litigation, the plaintiff was
American United Bank; that Ameris Bank became the successor-in-interest to
American United Bank; and that Ameris Bank was subsequently substituted as a party
for American United Bank. Accordingly, throughout this opinion, we refer to that
party (plaintiff below) as Ameris Bank.

[2] The bank also named as a defendant Jawahar L. Chugh, but that part of the
litigation is not in issue in this appeal. This court's unpublished decision of *Chugh
v. Ameris Bank*, 315 Ga. App. XXIV (Case No. A12A0765, decided March 21, 2012),
disposed of an appeal that was instituted by Chugh in connection with the underlying
lawsuit.

entered, given its bankruptcy protections at the time. The trial court denied the motion to set aside, and Chugh Shopping Center appeals. For reasons that follow, we vacate the judgment and remand this case for proceedings not inconsistent with this opinion.

On October 20, 2009, Ameris Bank filed a complaint against Chugh Shopping Center, which was served with process on October 30, 2009. On March 15, 2010, Ameris Bank filed a motion for default judgment against Chugh Shopping Center for reason that "[o]ver forty-five days have now elapsed without Chugh Shopping Center, Inc.'s filing of an answer or other response in this Court."[3] And on March 24, 2010, the trial court entered an order in which it found that "over forty-five days have now elapsed without Chugh Shopping Center, Inc.'s filing of an answer or other response in this Court," and therefore granting Ameris Bank default judgment in an amount in excess of $3,500,000.

In February 2012, Chugh Shopping Center filed a compound motion seeking reprieve. First, Chugh Shopping Center argued that Ameris Bank had pursued, and that the trial court had granted, default judgment in violation of its intervening bankruptcy protections and that default judgment therefore should be set aside under

_____

[3] See generally OCGA §§ 9-11-12 (a); 9-11-55.

2

OCGA § 9-11-60. Additionally, Chugh Shopping Center sought to open default, to contest the amount of damages, and to dismiss Ameris Bank's complaint.

The trial court held a hearing. Chugh Shopping Center argued that the default judgment had been prematurely entered, citing its intervening bankruptcy case and relying on the holding of *Lucas v. Integrated Health Services of Lester*.[4] Specifically, a few days after Chugh Shopping Center was served with Ameris Bank's complaint, Chugh Shopping Center filed a petition for bankruptcy. Indeed, the parties stipulated at the hearing that Chugh Shopping Center filed a bankruptcy petition on November 3, 2009, and stipulated further that an order granting Ameris Bank relief from the automatic stay was entered February 24, 2010.

As this court recognized in *Lucas*,

> The imposition of the stay under 11 USC § 362 is automatic upon filing of the bankruptcy petition, and the protections afforded to the debtor attach immediately. In our view it follows that the protections afforded by the stay should end on the date the stay is lifted, modified or terminated by order entered in the bankruptcy court, and no other action need be taken in any other forum to recommence the clock ticking.[5]

---

[4] 268 Ga. App. 306 (601 SE2d 701) (2004).

[5] Id. at 308 (1).

3

At issue in *Lucas* was the "time limit for filing an answer in a suit *once the stay has been lifted or modified*."[6] *Lucas* held, "[A] debtor who has been relieved from filing an answer by the imposition of the stay after service has been made must respond to those claims within 30 days after the stay is lifted."[7]

Given the foregoing, Chugh Shopping Center posited on motion to set aside that it had been relieved from filing an answer to Ameris Bank's complaint until 30 days after February 24, 2010; therefore, entry of default judgment against it on March 24, 2010 was not authorized[8] and the default judgment should be set aside under OCGA § 9-11-60.

Ameris Bank countered that Chugh Shopping Center was entitled to no relief from the default judgment, pointing out that nothing in the record suggested any bankruptcy. It focused on language in Chugh Shopping Center's motion alleging that the default judgment "constitutes a defect in the record," characterized Chugh Shopping Center's motion as one seeking relief under OCGA § 9-11-60 (d) (3), and

---

[6] Id. at 309 (1) (emphasis supplied).

[7] Id.

[8] See id.; see generally *Evans v. Marshall*, 253 Ga. App. 439 (559 SE2d 165) (2002) (explaining that a trial court errs in finding defendant in default, where answer was not due).

4

maintained, "[T]here is nothing on the face of the record that shows there was any kind of defect." Counsel for Ameris Bank argued at the hearing,

> As [counsel for Chugh Shopping Center] conceded . . ., your Honor, there is no notice of bankruptcy, no suggestion of bankruptcy that would tip the Court off, okay there's a problem here. There's been a bankruptcy filed. Okay. That's not in the record. So for that reason alone, your Honor, there simply is no basis to set aside a default judgment.

The trial court agreed with Ameris Bank, citing OCGA § 9-11-60 (d) (3), which provides that a judgment may be set aside based upon "[a] nonamendable defect which appears upon the face of the record or pleadings." The trial court expressly noted the parties' stipulations concerning the filings in bankruptcy court and further acknowledged that the default judgment entered against Chugh Shopping Center on March 24, 2010 was less than 30 days from the lifting of the stay. But the trial court found dispositive that "[Chugh Shopping Center] never filed in this case any documents related to the bankruptcy proceeding." Thus, the trial court denied Chugh Shopping Center's motion to set aside for reason that Chugh Shopping Center had failed to point to any defect on the face of the record.

1. Chugh Shopping Center contends that the trial court erred by concluding that it was not entitled to relief under OCGA § 9-11-60 (d) (3).[9] But as Chugh Shopping Center has conceded, no bankruptcy documents were filed in the trial court. Consequently, the trial court did not err in concluding that the record was devoid of a nonamendable defect which appears upon the face of the record or pleadings.[10]

2. Chugh Shopping Center contends that the trial court erred by failing to grant its motion to set aside under OCGA § 9-11-60 (d) (2). That Code provision permits a judgment to be set aside based upon "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant."[11]

According to Chugh Shopping Center,

the Default Judgment was a "mistake" because the same was entered too early. Likewise, where counsel for Ameris Bank misled the trial court by suggesting that the Appellant was in default because forty-five days had elapsed since the date of service, where that same counsel had

---

[9] See *City of Atlanta v. Holder*, 309 Ga. App. 811, 814 (711 SE2d 332) (2011) ("We review a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) for abuse of discretion.") (citation and punctuation omitted).

[10] See *Capital Assocs. v. Keoho*, 173 Ga. App. 627, 628 (327 SE2d 586) (1985) ("Where the alleged nonamendable defect can be developed only by presentation of evidence, it does not constitute grounds for such setting aside.") (citation omitted).

[11] OCGA § 9-11-60 (d) (2).

participated in proceedings to lift a bankruptcy stay a couple of weeks before, such that the case was actually not in default,[12] such actions constitute potentially "fraud," but certainly constitute "the acts of the adverse party."

Additionally, Chugh Shopping Center asserts that it did not consent to the default judgment and played no role in either misleading the court or entering the default judgment prematurely.

The record shows, however, that the trial court denied Chugh Shopping Center's motion to set aside solely because it failed to satisfy OCGA § 9-11-60 (d) (3). The trial court did not decide whether Chugh Shopping Center made the requisite showings under OCGA § 9-11-60 (d) (2), which addresses itself in the first instance to the discretion of the trial court.[13] Accordingly, we vacate the denial of the motion

---

[12] See, however, *Lucas*, supra (determining that notice to the bankruptcy petitioner recommenced the running of the clock).

[13] See *Stamey v. Policemen's Pension Fund Bd. of Trustees*, 289 Ga. 503, 504 (1) (712 SE2d 825) (2001) (recognizing that a default judgment may be set aside under OCGA § 9-11-60 (d) and that an appellate court will review "a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) for abuse of discretion") (citations and punctuation omitted); see also *City of Atlanta*, supra at 815 ("Once the motion [under OCGA § 9-11-60 (d) (2)] is made, the trial judge becomes the finder of fact based on the evidence presented."), citing *Herringdine v. Nalley Equip. Leasing*, 238 Ga. App. 210, 211 (2) (517 SE2d 571) (1999) (physical precedent only).

to set aside and remand this case for the trial court to determine whether the default judgment should be set aside under that Code provision.[14]

There is no merit in Ameris Bank's assertion that Chugh Shopping Center waived consideration of this case upon that statutory provision. Although Ameris Bank, in responding to Chugh Shopping Center's motion to set aside, *characterized* Chugh Shopping Center's motion as one asserting only the ground set forth in OCGA § 9-11-60 (d) (3), we do not construe Chugh Shopping Center's motion or the substance of its arguments made in support thereof as relying exclusively on that paragraph.[15]

---

[14] Accord *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002) (holding that appellate courts retain discretion in determining whether to apply the right-for-any-reason rule and consider alternative legal theories not addressed by the trial court, or to vacate order and remand for the trial court to consider alternative legal theories in the first instance).

[15] See *Hiner Transp., Inc. v. Jeter*, 293 Ga. App. 704, 706 (667 SE2d 919) (2008) (rejecting claim that movant seeking to set aside judgment had waived argument under OCGA § 9-11-60 (d) (3); although movant had neither specifically cited that paragraph nor used the term "nonamendable defect," substance of movant's argument sufficiently raised key issue before the trial court); *Jova Daniels Busby, Inc. v. Greenforest Community Baptist Church*, 240 Ga. App. 419, 420 (1) (523 SE2d 629) (1999) (explaining that "Georgia courts must construe pleadings, motions and orders according to their substance and function," and that "[c]ourts must also construe such documents in a manner consistent with the best interests of justice") (citation omitted).

8

3. Given our holding in Division 2,[16] we do not reach the remainder of Chugh Shopping Center's contentions.[17]

*Judgment vacated and case remanded with direction. Ellington, P. J., and Branch, J., concur.*

---

[16] Supra.

[17] See generally *The Pantry, Inc. v. Harris*, 271 Ga. App. 346, 347 (2) (609 SE2d 692) (2005) (explaining that "the first and essential step against any final judgment, including a default judgment, is a motion to set aside the judgment under OCGA § 9-11-60 (d). Only after that motion has been granted may a trial court consider whether to open default under OCGA § 9-11-55.") (citation omitted).