**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**June 8, 2020**

# In the Court of Appeals of Georgia

A20A0767, A20A0768. DOCKERY ET AL. v. HAEDONG INDUSTRIES CORP., LTD. ET AL.; and vice versa.

BARNES, Presiding Judge.

In this wrongful death action, default judgment was entered against two defendants. The trial court later granted those defendants' motion to set aside the judgment, but denied their motion to open the default. All parties have appealed. For the reasons that follow, we vacate the order that ruled on the defendants' motions, and remand the case for proceedings not inconsistent with this opinion.

On March 2, 2012, Adam Wingo was decapitated when his body became entangled in the wire drawing machine on which he was working at his place of employment located in Flowery Branch, Hall County. On February 10, 2014, Christina Michelle Dockery, as the administrator of the estate, and as the next friend

of Wingo's minor child, J. S. M., filed the underlying complaint.[1] Among the defendants named were: (i) Haedong Industries Co., Ltd., a South Korean manufacturer of wire drawing machines; and (ii) Inhwa Precision Corporation, Ltd., the South Korean parent company of Haedong. Dockery ("Plaintiff") alleged in her complaint that Haedong designed, manufactured, and sold the machine, which was unreasonably dangerous because it was defectively designed and manufactured and failed to protect users from amputation and death. In particular, the complaint alleged, the machine lacked sufficient warnings and lacked guarding on all pinch points and rotating parts.

Neither Haedong, nor Inhwa (collectively, "Defendants") filed an answer. On May 19, 2017, the trial court entered default against the Defendants, then set a trial for damages for September 13, 2018. On the scheduled date, the trial court conducted a damages trial, and on September 17, 2018, the trial court entered judgment in favor of the Plaintiff, finding the Defendants "jointly and severally" liable for $25,722,644.26.

---

[1] Dockery originally filed her action in Fulton County State Court, but the case was subsequently transferred to Hall County State Court.

On December 13, 2018, the Defendants filed two joint motions: (i) Motion to Set Aside the Default Judgment, relying upon OCGA § 9-11-60 (d) (1) (pertaining to the lack of personal jurisdiction), and (d) (3) (pertaining to a nonamendable defect on the face of the record or pleadings); and (ii) a Motion to Open the Default, pursuant to OCGA § 9-11-55 (b). The trial court conducted a hearing on the Defendants' motions, then entered on August 15, 2019, an order disposing of both motions. Therein, the court expressly ruled:

> Defendants' Motion to Open Default is DENIED. Further, it appears that Plaintiff's claim seeks the recovery of unliquidated damages requiring proof at trial, said being attorney's fees actually incurred pursuant to OCGA § 44-5-60 (e).

> IT IS THEREFORE ORDERED Defendants' Motion to Set Aside Verdict is GRANTED and the [Judgment] be set aside due to a non-amendable defect pursuant to OCGA § 9-11-60 (d) (3). A jury trial will be had on damages and proper apportionment of said damages. Discovery is extended until March 1, 2020, solely on the issue of damages and apportionment.

From that order, these interlocutory companion appeals arise. In Case No. A20A0767, Plaintiff enumerates as error rulings related to the grant of the

3

Defendants' motion to set aside the judgment. In Case No. A20A0768, the Defendants contest the denial of their motion to open the default.

*Case No. A20A0767*

1. Plaintiff contends that the trial court erred by setting aside the judgment under OCGA § 9-11-60 (d) (3). That provision pertinently states that "[a] motion to set aside may be brought to set aside a judgment based upon: . . . [a] nonamendable defect which appears upon the face of the record or pleadings."

The trial court's order indicates that the basis for granting the Defendants' motion to set aside pursuant to OCGA § 9-11-60 (d) (3) was "Plaintiff's claim seek[ing] the recovery of unliquidated damages requiring proof at trial, said being attorney's fees actually incurred pursuant to OCGA § 44-5-60 (e)."[2] With that, the order provided for a trial "on damages and proper apportionment of *said* damages,"[3] and allowed time for discovery "solely on the issue of damages and apportionment."

---

[2] OCGA § 44-5-60 is captioned "Covenants running with land; effect of zoning laws; covenants and scenic easements for use of public; renewal of certain covenants; costs." And subsection (e) provides, "To the extent provided in the covenants, the obligation for the payment of assessments and fees arising from covenants shall include the costs of collection, including reasonable attorney's fees actually incurred."

[3] (Emphasis supplied.)

4

(a) Plaintiff does not address the grant of the Defendants' motion to set aside on the apparent basis stated. Instead, Plaintiff posits that the trial court "erroneously granted Defendants' motion based on an alleged defect related to apportionment." Plaintiff goes on to argue:

> There was no apportionment error, however, because (a) the liability of Inhwa was derivative of the fault of its subsidiary Haedong (as Defendants expressly and repeatedly argued in the trial court) with no independent negligence by Inhwa alleged or shown, so any fault was indivisible; (b) the Defendants did not provide the statutory 120-day notice to apportion damages to nonparties; and (c) even assuming apportionment was legally available, the Defendants failed to meet their burden of proof on this affirmative defense because they presented no evidence of shared liability at the damages trial.

> Not only are these *not* nonamendable defects on the face of the record as required by § 9-11-60 (d) (3), but to apportion damages under these facts would have been reversible error. The trial court's order setting aside the judgment was an abuse of discretion and this Court should reverse.

(Footnotes omitted; emphasis in original.)

Similarly, the Defendants do not address the trial court's referenced basis for vacating the judgment. Instead, they counter the Plaintiff's position, reasserting arguments proffered to the trial court, such as:

> The default judgment here violated the Georgia Tort Reform Act because it did not apportion fault among Haedong, Inhwa, and all other current or former defendants . . . . Rather, the default judgment was based exclusively on evidence from Plaintiff as to the issues of Defendant Haedong's and Defendant Inhwa's liability.

As the Defendants summarize, the failure to apportion and instead find joint and several liability in the default judgment amounted to a nonamendable defect under OCGA § 9-11-60 (d) (3).

Considering again the apparent basis for setting aside the judgment, we are unable to conclude that a nonamendable defect exists as referenced by the trial court's order. Neither side has either provided record citations concerning any pending motion for attorney fees pursuant to OCGA § 44-5-60 (e)[4] or disputed the existence of a pending request by Plaintiff for such fees.[5] Nor has either side provided record

---

[4] See generally Court of Appeals Rule 25 (concerning structure and content of party's briefs).

[5] Notably, in the judgment entered in Plaintiff's favor, finding the Defendants jointly and severally liable for $25,722,644.26, the trial court awarded no punitive

citations for a transcript of the hearing upon the Defendants' motion to set aside. And at any rate, the trial court's order, while granting the Defendants' motion to set aside (apparently based upon a request for attorney fees), does not specify the extent to which such default judgment is set aside.[6] See, e. g., *Martin v. Six Flags Over Georgia II, L.P*., 301 Ga. 323, 340 (III) (801 SE2d 24) (2017) (discussing options for correcting errors regarding damages, and explaining that "where correction of an apportionment error involves only the identification of tortfeasors and assessment of relative shares of fault among them, there is no sound reason to disturb the jury's findings on liability or its calculation of damages sustained by the plaintiff"). Given these circumstances, we vacate the contested judgment and remand the case with direction for the trial court to make explicit any basis for its decision(s) relative to whether the Defendants' motion to set aside should be granted. Any order granting the Defendants' motion should further specify the extent to which the judgment is set aside.

damages and no attorneys fees and expenses, noting that Plaintiff had withdrawn the claims for those monies during the trial.

[6] In their respective briefs in these companion cases, the parties make arguments that appear to contemplate that the entirety of the $25,722,644.26 has been stricken such that any new trial would also determine damages. The language of the trial court's order, however, is ambiguous.

Finally, we recognize that the Defendants seek to preserve the grant of their motion to set aside, not only advancing in this Court the arguments set out above, but further proposing that "this Court may affirm on any one of the three other grounds: the lack of personal jurisdiction, the entry of judgment based on an inoperative pleading, or the improper piercing of the corporate veil." But it appears that the contested ruling did not rest upon any of those grounds.[7] Also determining whether the Defendants made requisite showings based upon those grounds vests in the first instance in the discretion of the trial court. See *Stamey v. Policemen's Pension Fund Bd. of Trustees*, 289 Ga. 503, 504 (1) (712 SE2d 825) (2011) (recognizing that a default judgment may be set aside under OCGA § 9-11-60 (d) and that an appellate court will review "a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) for abuse of discretion") (citations and punctuation omitted); *Herringdine v. Nalley Equip. Leasing*, 238 Ga. App. 210, 211 (2) (517 SE2d 571)

---

[7] It appears that no transcript of the motion hearing was included with the record transmitted. And at any rate, we abide by the principle set out in cases such as *Blair v. Bishop*, 290 Ga. App. 721, 725 (2) (660 SE2d 35) (2008) ("Although a trial court's oral pronouncements on the record may provide insight on the intent of its subsequent written judgment, discrepancies between the two pronouncements must be resolved in favor of the written judgment.") (citation and punctuation omitted), and *Black v. Ferlingere*, 333 Ga. App. 789, 790-791 (1) (777 SE2d 268) (2015) (granting no reprieve from a written order on the ground that it did not conform to the trial court's oral ruling at the hearing).

(1999) ("A motion to set aside the judgment under OCGA § 9-11-60 (d) is a distinct procedure where the trial judge is the finder of fact.") (physical precedent only); accord *City of Atlanta v. Holder*, 309 Ga. App. 811, 815 (711 SE2d 332) (2011) ("Once the motion [under OCGA § 9-11-60 (d) (2)] is made, the trial judge becomes the finder of fact based on the evidence presented."). And because the trial court may rule upon such grounds upon remand, we do not reach them at this juncture. See *Chugh Shopping Center v. Ameris Bank*, 323 Ga. App. 243, 246-247 (2) (746 SE2d 855) (2013); accord *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002) (holding that appellate courts retain discretion in determining whether to apply the right-for-any-reason rule and consider alternative legal theories not addressed by the trial court, or to vacate order and remand for the trial court to consider alternative legal theories in the first instance).

2. In light of Division 1, supra, we do not reach Plaintiff's remaining claims of error.

*Case No. A20A0768*

3. In several interrelated claims of error, the Defendants challenge the denial of their Motion to Open the Default pursuant to OCGA § 9-11-55. Given our holding in Division 1, supra, we do not reach these contentions. See generally *The Pantry,*

9

*Inc. v. Harris*, 271 Ga. App. 346, 347 (2) (609 SE2d 692) (2005) ("The first and essential step against any final judgment, including a default judgment, is a motion to set aside the judgment under OCGA § 9-11-60 (d)). Only after that motion has been granted may a trial court consider whether to open default under OCGA § 9-11-55.").

*Judgment vacated and cases remanded. Gobeil and Pipkin, JJ., concur.*