51884. EDER v. AMERICAN EXPRESS COMPANY, INC.

MARSHALL, Judge.

This is an appeal from a denial by the trial court of appellant's motion to set aside an earlier judgment granted in favor of the American Express Co., Inc. That denial is the sole enumeration of error.

The record reflects that in October, 1972, appellant was apprehended by Atlanta police at the local airport and charged with possessing and forging a number of stolen American Express travelers checks. There were checks found in his possession that were a part of a group of checks that had been stolen in a $620,000 theft of blank checks in New York in 1967. Additionally, he was found possessed of identification documents and travelers

checks of several individual purchasers of travelers checks who had reported thefts of their wallets and travelers checks from their baggage at airports or from their hotel rooms. At the time of his arrest appellant's personal belongings were seized for safekeeping. The travelers checks and blank stubs, together with U. S., French, and British currency of a value of approximately $9,326, were held as evidence of appellant's criminal enterprises. Though it is not clearly stated, it appears that appellant was convicted of forgery offenses and sentenced to imprisonment.

In January, 1973, American Express brought suit in the Civil Court of Fulton County against the then Chief of Police of the City of Atlanta seeking a return of the $9,326 cash and the travelers checks confiscated from appellant, claiming title to the checks, as well as the cash as being proceeds from the various stolen American Express travelers checks. In October, 1973, upon motion by American Express, a summary judgment was granted in its favor against the chief of police. The checks and cash were surrendered to American Express.

Thereafter in September, 1974, appellant brought this motion in the Civil Court of Fulton County to set aside the previous judgment rendered in favor of American Express and seeking the return of the $9,326 in cash. The basis of the motion in substance was that appellant was an indispensable party to the suit between American Express and the Atlanta police chief. He also alleges certain equitable grounds. It is appellant's contention that since he was not served and made a party defendant, the trial court was without jurisdiction to enter the judgment.

In substance this appeal raises two basic questions: (1) Are the equity provisions of CPA § 60 (e) available to appellant; and (2) Was the original judgment void because appellant was an indispensable party to the suit between American Express and the Atlanta police chief; and, if so, does the face of the record or pleadings in that suit reflect a nonamendable defect which affirmatively shows that no claim existed? *Held:*

1. Appellant did not file a complaint in equity under CPA § 60 (e) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239,

240 (Code Ann. § 81A-160(e)), but chose instead to attack the judgment by a "motion to set aside" under CPA § 60 (d) filed in the Civil Court of Fulton County. CPA § 60 (e) and the equitable principles therein set forth, are inapplicable to this case.

2. The second question presented by appellant is rather novel: May a person move to set aside a judgment under CPA § 60 (d) on the grounds that he was an indispensable party to that judgment under CPA § 19 (Ga. L. 1966, pp. 609, 630; 1972, pp. 689, 694 (Code Ann. § 81A-119))?

Pretermitting all the sub-issues involved (Was appellant an indispensable party under CPA § 19 (a)? Under CPA § 19 (b)? If so, may he, as a nonparty, raise this issue after judgment as opposed to "before or at the time of pleading" under CPA § 12 (b)? If so, was the judgment "void on its face" under CPA § 60 (a)? If so, may a nonparty move to set aside a judgment to which he was not a party?) We conclude that a motion to set aside under CPA § 60 (d) was not the proper remedy, and that this issue alone resolves the question presented on appeal.

In order to set aside the judgment under CPA § 60 (d) appellant must point to a nonamendable defect appearing on the face of the record or pleadings which affirmatively shows no claim in fact existed. Assuming there is a defect (i. e., failure to join an indispensable party) and assuming it appears on the face of the record (which is doubtful even though appellant's name does appear in the pleadings as the person from whom the checks were seized), there is no showing that the addition of appellant as a party would not be proper by amendment. "Where the question of an indispensable party is expressly passed upon by the trial court it will be held that the plaintiff had such notice as would have afforded him an opportunity to seek the addition of such party (compare *Emhart Corp. v. McLarty,* 226 Ga. 621), but where neither the motion to dismiss nor the judgment of the trial court discloses any intent to raise or pass upon such question it will be deemed for the purpose of review, . . . as an amendable defect. . ." *Smith v. Merchants & Farmers Bank,* 226 Ga. 715, 718 (177 SE2d 249). See also *Goldberg v. Painter,* 128 Ga. App. 214 (196 SE2d 157) as to what constitutes a

nonamendable defect. There is no question that parties, including indispensable parties, may be added to an action by amendment under CPA § 21 (Ga. L. 1966, pp. 609, 632 (Code Ann. § 81A-121)). See *Phillips v. Williams,* 137 Ga. App. 578; *Humble Oil &c. Co. v. Fulcher,* 128 Ga. App. 606 (1) (197 SE2d 416).

There is also no showing that "no claim in fact existed" between American Express and the chief of police. There can be no doubt of the existence and validity of the claim between American Express and the chief of police. The fact that either American Express or the chief of police may be subject to suit by appellant for possession of the same property does not invalidate the claim made by American Express against the chief of police. *Peoples Bank v. N. C. Nat. Bank,* 230 Ga. 389, 392 (197 SE2d 352).

Appellant, having failed to show that there existed a nonamendable defect and that no claim existed, was properly denied a motion to set aside the judgment.

*Judgment affirmed. Pannell, P. J., concurs. Evans, J., concurs in the judgment only.*

SUBMITTED MARCH 1, 1976 — DECIDED MARCH 18, 1976.

*Garland, Nuckolls & Kadish, John A. Nuckolls,* for appellant.

*Alston, Miller & Gaines, J. Michael Kelly,* for appellee.