### 63952. GUSTIN v. ROBERTS MORTGAGE & INVESTMENT CORPORATION.

BANKE, Judge.

The plaintiff sued the defendant, a resident of Louisiana, on a contract and obtained a default judgment when the defendant failed to answer. The defendant moved to set aside the default judgment on the ground that he had not been properly served. The trial court, on conflicting evidence, found that the defendant had been properly served by a deputy sheriff in Louisiana and refused to allow the defendant otherwise to contest the court's jurisdiction. The defendant contends that the contract language specifying Georgia as the forum for resolution of disputes is an insufficient basis for jurisdiction and that service under the Georgia "Long Arm Statute" was consequently improper. *Held:*

"The defense of lack of jurisdiction over the person is waived if no motion to dismiss on this ground has been made nor included in a responsive pleading. CPA § 12 (h) (1) (Code Ann. § 81A-112 (h) (1)).

It appears that defendant was properly served with process in accordance with the Long Arm Statute. It was then incumbent on ... [him] ... to raise the defense of lack of personal jurisdiction by motion or by answer. Defendant did neither. Therefore, a waiver of this defense resulted. The trial court acquired jurisdiction over defendant's person and the resulting judgment by default was conclusive. [Cit.]" *Thrift v. Vi-Vin Products,* 134 Ga. App. 717, 718 (215 SE2d 709) (1975). Also see *Hatfield v. Leland,* 143 Ga. App. 528 (239 SE2d 169) (1977).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 20, 1982.

*Morgan M. Robertson,* for appellant.
*Jeffrey R. Sliz, Jr., James L. Kraemer,* for appellee.