65166. AUTOMATED MEDICAL SERVICES, INC. et al. v. HOLLAND.

POPE, Judge.

Appellants Automated Medical Services, Inc. (hereinafter "AMS"), John L. Brunk and James Greenwood brought this complaint in equity in DeKalb County Superior Court seeking to set aside a judgment entered in the State Court of DeKalb County in favor of appellee Max G. Holland. Appellants bring this appeal from an order granting summary judgment in favor of Holland.

The facts in this case are essentially without dispute. AMS filed suit in state court against Holland alleging breach of contract and tortious interference with the contract. Holland responded and counterclaimed alleging breach of contract. Holland also filed a "third party complaint" against appellants Brunk and Greenwood alleging tortious interference with the contract. All appellants responded to Holland's allegations. On February 6, 1981, after the filing of these responses, counsel for appellants withdrew from the case and so notified the court and all parties. Trial of the case was scheduled for March 10, 1981 and notice thereof duly appeared in the Decatur-DeKalb News, the official organ of the state court. The case came on regularly to be heard before a judge and jury, and a verdict was entered in favor of Holland against all appellants jointly and

severally. No appearance at trial was made by or on behalf of appellants.

Appellants filed the case at bar in January of 1982 seeking to set aside the state court judgment on the grounds of accident and mistake, without fault on their parts, in that they received no notice of the date set for trial in the state court action. In support of his motion for summary judgment, Holland submitted affidavits which set forth the above-stated facts. Appellants countered with affidavits which showed that appellant Brunk sent a postcard to the clerk of the state court on or about January 28, 1981 requesting notification of any motion or trial dates. The docket of the state court, certified in the record of this case, discloses no entry of either an appearance by an attorney-at-law or any appearance pro se following the withdrawal of appellants' original counsel. On the basis of this record, the superior court found that appellants failed to exercise due diligence or otherwise bring themselves within the ambit of Code Ann. § 81A-160 (e) (now OCGA § 9-11-60(e)).

1. "In order to successfully attack a judgment in equity on the grounds of fraud, accident or mistake, [appellants] must show that [they have] a good defense to the action at law and that the failure to make the defense was owing not to any negligence or fault of [their] own but to the fault of the [appellee Holland] . . . or [his] attorney." *Baxter v. Weiner,* 246 Ga. 28, 29 (268 SE2d 619) (1980); see Code Ann. § 81A-160 (e). Pretermitting the question of whether appellants have a good defense to Holland's state court actions, we find that the superior court correctly concluded that appellants' failure to make such defense was owing to their own lack of diligence.

Code Ann. § 81A-140(c) (now OCGA § 9-11-40(c)) provides: "The courts shall provide for the placing of actions upon the trial calendar (1) without request of the parties but upon notice to the parties. . . ." Publication of the calendar of the state court in the official organ of the county was sufficient notice to appellants of the pending trial in that court. *Spyropoulos v. Linard Estate,* 243 Ga. 518 (255 SE2d 40) (1979); *Rockmart Bk. v. Beck,* 129 Ga. App. 457 (199 SE2d 907) (1973). Cf. *Wilkes v. Ricks,* 126 Ga. App. 266 (190 SE2d 603) (1972). In light of the facts in the case at bar, it cannot be said that the entry of judgment against appellants was not unmixed with negligence on their parts. See *Cooper v. Mesh,* 247 Ga. 82 (1) (274 SE2d 335) (1981). Certainly, neither Holland nor his counsel contributed to appellants' failure to appear at trial. See Code Ann. § 37-220 (now OCGA § 23-2-1). "Moreover, the burden is on the one contending that no notice, or improper notice, was given to show error affirmatively by the record. *Hancock v. Oates,* 244 Ga. 175 (259 SE2d 437) [(1979)]. This [appellants] failed to do, relying instead on bare

denials of actual notice, which is unnecessary for compliance with Code Ann. § 81A-140(c) . . . 'if the requirements for giving notice are complied with. . . .' *Holbrook v. Halpern Enterprises,* 141 Ga. App. 648, 649 (234 SE2d 187) [(1977)]." *Havlik v. Tuftcraft, Inc.,* 162 Ga. App. 180, 181 (290 SE2d 524) (1982). Thus, appellants' Enumerations Nos. 4, 7, and 8 have no merit.

2. The issues raised by Enumeration No. 3 have been decided adversely to appellants in *Gustin v. Roberts Mtg. &c. Corp.,* 162 Ga. App. 397 (291 SE2d 455) (1982); *Hatfield v. Leland,* 143 Ga. App. 528 (239 SE2d 169) (1977); *Thrift v. Vi-Vin Products,* 134 Ga. App. 717 (1) (215 SE2d 709) (1975).

3. The issue raised by Enumeration No. 6 has been decided adversely to appellants in *Eder v. American Express Co.,* 138 Ga. App. 168 (2) (225 SE2d 737) (1976).

4. The remaining issue, presented variously by Enumerations Nos. 1, 2 and 5, challenges the grant of summary judgment because, appellants contend, it affirmatively appears on the face of the record that Holland's "third party complaint" fails to state a claim upon which relief could be granted. "To be subject to motion to set aside, it is not sufficient that the complaint or other pleading fail to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." Code Ann. § 81A-160(d) (now OCGA § 9-11-60(d)). While a contention such as this should be brought in the court of rendition, here the State Court of DeKalb County (Code Ann. § 81A-160(b), now OCGA § 9-11-60(b)), a judgment void on its face, or on the face of the record or pleadings, may be attacked in any court. *Lamas v. Baldwin,* 128 Ga. App. 715, 717 (197 SE2d 779) (1973); see Code Ann. § 81A-160(a) (now OCGA § 9-11-60(a)).

Although the entire record of the state court action has not been made a part of the record here, certain of the pleadings and orders from the state court are a part of this record. Our review of Holland's "third party complaint" against Brunk and Greenwood affirmatively discloses that Holland sought to impose direct liability on these appellants, not secondary liability as required by statute in such an action. Code Ann. § 81A-114(a) (now OCGA § 9-11-14(a)); *Southern R. Co. v. Ins. Co. of North America,* 228 Ga. 23 (5b) (183 SE2d 912) (1971); *Dorsey Heating &c. Co. v. C. C. Dickson, Inc.,* 153 Ga. App. 599 (2) (266 SE2d 282) (1980). Rather, Holland's action against Brunk and Greenwood was in the nature of a counterclaim. Such a counterclaim would have required an order by the state court pursuant to Code Ann. § 81A-113(h) (now OCGA § 9-11-13(h)) joining these appellants as parties whose presence was required for the granting of complete relief in the determination of the

counterclaim, assuming jurisdiction could have been obtained. *Wolski v. Hayes,* 144 Ga. App. 180 (240 SE2d 720) (1977).

On the basis of the record at this time, it affirmatively appears that judgment was rendered against Brunk and Greenwood as "third party defendants" but, in fact, Holland had no "third party complaint" against them. Rather, Holland had a counterclaim against these appellants, yet there is nothing in the record here to indicate that they have been properly joined as parties. Thus, in the case at bar, the record does not demand a finding that Holland was entitled to judgment as a matter of law against appellants Brunk and Greenwood, and the entry of summary judgment against these appellants was error. However, in light of our discussion in the preceding divisions of this opinion, summary judgment was properly entered against appellant AMS.

*Judgment affirmed in part; reversed in part. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 8, 1983 —
REHEARING DENIED MARCH 29, 1983 — 

*James S. S. Howell,* for appellants.
*C. Lawrence Jewett, Jr.,* for appellee.