A91A0669. GRIGGS v. ALL-STEEL BUILDINGS, INC. et al.
(410 SE2d 309)

Pope, Judge.

The issue presented by this appeal is in which forum may the claimant in a workers' compensation case bring a motion to set aside the award of compensation now that Georgia law no longer recognizes a complaint in equity to set aside a judgment. Appellant Andy M. Griggs, the claimant, filed a motion with the Board of Workers' Compensation to set aside the award but the board stayed the proceedings in order for the superior court to determine if it was the forum with jurisdiction to entertain the motion. The claimant filed a separate motion in the superior court, which was denied, and we granted claimant's application for discretionary appeal.

On November 4, 1987, claimant was struck in the face with a steel beam during the course of his employment with appellee All-Steel Buildings, Inc., and sustained a major head injury. The record shows that upon his release from a rehabilitation center, claimant's

treating physician diagnosed several cognitive and behavioral deficits and strongly recommended that he be placed in a structured cognitive rehabilitative program. In an evaluation for the rehabilitation center, an occupational therapist concluded the claimant was "functionally independent in basic self-care tasks and home management skills . . . but [would] require assistance to perform money management tasks, and should be supervised in managing his finances."

Although these reports were available to the employer and its workers' compensation insurer, appellee Aetna Casualty & Surety Company, the insurer began settlement negotiations with the claimant, who was not represented by counsel. An agreement was reached in which in exchange for a release from liability, the claimant agreed to accept from appellees the lump sum of $30,000 and $750 per month for 24 months. Appellees also agreed to pay past medical expenses but limited payment for future medical expenses and the costs associated with vocational rehabilitation to those expenses incurred within 12 months after approval of the settlement.

The settlement agreement was submitted to the board and was approved, pursuant to OCGA § 34-9-15. Almost one year later, the claimant, through his mother acting as next friend, filed a request for a hearing with the board, alleging the appellees had failed to provide vocational rehabilitation as required by the award. Subsequently, the claimant filed a motion to set aside the settlement agreement and award on the ground that he was incompetent to have entered into it. Before the case was heard, however, appellees petitioned the superior court and obtained a judgment on the award pursuant to OCGA § 34-9-106. The ALJ concluded that the board had lost jurisdiction of the case by virtue of the superior court judgment and ordered the proceedings before the board stayed until the superior court could determine if it had jurisdiction in the matter. In the superior court action in which appellees had obtained a judgment on the award, claimant filed a motion to set aside which was denied on the ground that the record before the superior court was insufficient to justify setting the judgment aside.

1. Claimant first argues the superior court erred in granting judgment on the award of the board because appellees failed to make a showing of good cause as required by OCGA § 34-9-106. First, the time for appealing the judgment has long since expired and it is now res judicata. Moreover, we hold that appellees' petition for judgment, which included a certified copy of the settlement agreement approved by the board, complied with the minimal requirements for obtaining such a judgment. See *Taylor v. Woodall*, 183 Ga. 122 (187 SE 697) (1936); *Simpson v. Travelers Ins. Co.*, 117 Ga. App. 43 (159 SE2d 294) (1967).

2. The superior court erred, however, in denying claimant's mo-

tion to set aside the award without first permitting the parties to submit evidence relating to the motion and conducting a hearing on the merits of the motion. Pursuant to OCGA § 9-11-60, the superior court is the proper forum for bringing such a motion.

In this case, the claimant's motion to set aside on the ground of his incompetency is, in essence, a motion to set aside on the ground of fraud in the procurement because he alleges his incompetency was well known to the employer at the time the settlement agreement was executed. The Board of Workers' Compensation is granted no statutory authority to review a final award or settlement on the ground it was procured by fraud. See *Simpson v. Liberty Mut. Ins. Co.*, 99 Ga. App. 629 (2) (109 SE2d 876) (1959); *Sutton v. Macon Gas Co.*, 46 Ga. App. 299 (2) (167 SE 543) (1932). The courts have long recognized, however, that even a binding award based on an agreement between the parties may be set aside on the ground of fraud, accident or mistake. See, e.g., *Cardin v. Riegel Textile Corp.*, 217 Ga. 797 (1) (125 SE2d 62) (1962); *McCord v. Employers Liability Assur. Corp.*, 96 Ga. App. 35 (99 SE2d 327) (1957); *Heath v. Standard Accident Ins. Co.*, 94 Ga. App. 548 (95 SE2d 726) (1956).

Originally, the proper procedure for setting aside such awards was to bring an action to set aside in equity pursuant to the now-repealed equity statute, Ga. Code § 37-219. Pursuant to that statute, the "judgment" of a court could be set aside for fraud, accident or mistake. Even though a workers' compensation award is not a "judgment" of a court, an action in equity was considered the proper remedy to set aside an award because, pursuant to the workers' compensation statute, an award of the board may be made a judgment of the superior court. "Inasmuch as an unreversed award of the board may be enforced as other judgments of the superior courts (Code § 114-711 [now OCGA § 34-9-106]), this fraud, accident, or mistake referred to [in the motion to set aside] is the same as is set forth in Code § 37-219." *Heath v. Standard Accident*, supra at 550. Once the former action to set aside in equity was repealed by the Civil Practice Act, Ga. L. 1966, p. 609, § 135 (jj), then the complaint in equity pursuant to OCGA § 9-11-60 (e) became the proper procedure for relief from an award on the ground of fraud, accident or mistake. *Russell v. Fast Framers*, 164 Ga. App. 771 (298 SE2d 303) (1982); *Wills v. St. Paul Fire &c. Ins. Co.*, 143 Ga. App. 562 (1) (239 SE2d 219) (1977); *Cotton States Ins. Co. v. Bates*, 140 Ga. App. 428 (231 SE2d 445) (1976). Again, pursuant to said statute, a complaint in equity could be brought to set aside a "judgment."

Now, OCGA § 9-11-60 has been amended to extinguish the complaint in equity. Ga. L. 1986, p. 294, § 1. Instead, a motion to set aside on the ground of fraud, accident or mistake may be brought only pursuant to OCGA § 9-11-60 (d). As in the previous statutes granting

relief from an award on the ground of fraud, the statute authorizing a motion to set aside refers to a "judgment." OCGA § 9-11-60 (d). It also requires the motion to be brought "only in the court of rendition." OCGA § 9-11-60 (b). Does this language leave the claimant in this case without a remedy, as appellees argue? No. Even though the motion to set aside statute refers to a judgment, the statute provides a remedy for setting aside a board award for the same reason the original statute which created an action to set aside in equity also provided a remedy: because a board award may be reduced to a superior court judgment, pursuant to OCGA § 34-9-106, the superior court is the proper forum for bringing a motion to set aside such an award. Here, in fact, the appellees have already obtained such a judgment and thus a superior court action already existed in which the motion was filed.

*Judgment reversed. Sognier, C. J., McMurray, P. J., Banke, P. J., Birdsong, P. J., Beasley, Cooper and Andrews, JJ., concur. Carley, J., concurs in judgment only.*

DECIDED JULY 31, 1991 —
RECONSIDERATION DENIED SEPTEMBER 5, 1991 — 

*Burdine & Brown, Thomas F. Brown II, Drew, Eckl & Farnham, John G. Blackmon, Jr.*, for appellant.
*Cone & Shivers, Donald M. Shivers*, for appellees.