A91A1085. HALL & SOSEBEE TRUCKING COMPANY, INC. v. SMITH.
(410 SE2d 784)

SOGNIER, Chief Judge.

Hall & Sosebee Trucking Company, Inc. (HST) filed what was denominated a "complaint in equity" requesting the Superior Court of Murray County to "set aside . . . on the basis of fraud and misrepresentation" a consent agreement filed with and approved by the State Board of Workers' Compensation pursuant to OCGA § 34-9-15 awarding HST's employee, George Smith, workers' compensation benefits. The consent agreement had been approved in January 1989; HST's complaint was filed in October 1990. Smith answered and moved pursuant to OCGA § 9-11-12 (b) (6) to dismiss the complaint for failure to state a claim upon which the relief sought could be granted. The trial court granted the motion on the basis that HST had not filed its appeal within the 20 day period from the date of the award as set forth in OCGA § 34-9-105 (b). HST appeals.

We reverse. Although appellant denominated its complaint as one in equity, the use of which has been abolished, OCGA § 9-11-60 (e), disregarding the label of apppellant's motion and looking to its substance, see generally *Perryman v. Ga. Power Co.*, 180 Ga. App. 259 (1) (348 SE2d 762) (1986), appellant's motion was actually one to set aside the judgment for fraud, which is governed by OCGA § 9-11-60 (d) (2). As we have recently held in *Griggs v. All-Steel Bldgs.*, 201 Ga. App. 111 (410 SE2d 309) (1991), the proper way to challenge an award of the Board on the basis that the award was obtained through fraud or misrepresentation is to bring a motion to set aside pursuant to OCGA § 9-11-60 (d) in the superior court.

In its motion to set aside, appellant asserted that after appellee reportedly sustained an injury to his back in the course of his employment, he filed a claim for income and medical benefits under the Workers' Compensation Act, alleging in sworn testimony with supporting documentation that his work-related injury resulted in a loss of mobility and psychological difficulties. Appellant asserted that it entered into the consent agreement approved by the Board in reliance on appellee's representations, which it alleged were false and were made with the intent to defraud appellant into entering into the consent agreement.

Appellant does not assert in its motion to set aside when it learned of the alleged fraud in appellee's representations. However, "[w]hen the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, the . . . rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in [its] favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed." (Citations and punctuation omitted.) *Morgan v. Ga. Vitrified Brick &c.*, 196 Ga. App. 779, 780 (1) (397 SE2d 49) (1990). If appellant knew or should have known of the fraud in the obtaining of the award in time to have raised it by direct appeal under OCGA § 34-9-105 (b), (c), the cases relied upon by the superior court, such as *Lavender v. Zurich Ins. Co.*, 110 Ga. App. 196, 198 (138 SE2d 118) (1964), would be applicable. However, given that the allegations of appellant's motion to set aside do not disclose when and under what circumstances appellant learned of the alleged fraud, it does not appear with certainty that appellant will not be able to prove facts entitling it to the relief sought. Accordingly, the trial court erred by granting appellee's motion to dismiss. See generally *Morgan*, supra.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

Decided September 10, 1991 —
Reconsideration denied September 24, 1991.

Hine, Carroll & Niedrach, Paul T. Carroll III, John F. McClellan, Jr., for appellant.

Mitchell, Coppedge, Wester, Bisson & Miller, Joseph T. Leman, for appellee.