## A07A0439. WINNERSVILLE ROOFING COMPANY v. CODDINGTON.

(640 SE2d 680)

BLACKBURN, Presiding Judge.

Winnersville Roofing Company, a sole proprietorship owned and operated by Wally Dennis, appeals the superior court's denial of its motion to set aside a workers' compensation award entered by an administrative law judge (ALJ) that became final when Winnersville did not appeal the award to the Workers' Compensation Board. We hold that because the motion to set aside focused exclusively on issues that Winnersville could have had corrected in a direct appeal to the Board or in the hearing before the ALJ, the superior court did not abuse its discretion in denying that motion.

Construed in favor of the ALJ's decision, *Goswick v. Murray County Bd. of Ed.*,[1] the record shows that on March 23, 2005, Mason Coddington was injured on his job with Winnersville. He filed an application with the Workers' Compensation Board for disability payments from Winnersville, asserting that based on information received from the State,[2] Winnersville had no workers' compensation insurance. The ALJ assigned to the case issued and mailed a "show cause" order to Winnersville to provide evidence of such insurance, but Winnersville did not respond. The ALJ further issued and mailed to Winnersville three separate notices of the hearing to be held on the application, each of which instructed Winnersville:

> Any employer receiving this notice of hearing should contact his Worker's Compensation Company immediately. If an insurance company is not listed on the front and if the employer believes that it did have coverage for the listed date of accident, then the employer should contact their insurance company immediately.

Winnersville did not notify its insurance company of the claim nor appear at the hearing, which accordingly proceeded in its absence. Following the hearing, the ALJ on September 14, 2005, issued and mailed to the parties an award in favor of Coddington, awarding him total disability benefits against Winnersville and imposing (for failure to have insurance) an additional ten percent in benefits, twenty-five percent in attorney fees, and a civil penalty of $2,000. Any

---

[1] *Goswick v. Murray County Bd. of Ed.*, 281 Ga. App. 442 (636 SE2d 133) (2006).

[2] The State informed Coddington that Winnersville had no workers' compensation insurance because Coddington's inquiry focused on whether "Winnersville Roofing Company" had insurance, when in fact the insurance was indexed on the State's records as being issued to "Wally Dennis d/b/a Winnersville Roofing Company."

appeal of this award to the Board was due within 20 days of September 14, which would have been October 4. See OCGA § 34-9-103 (a); *Forsyth County Bd. of Ed. v. Trusty*[3] (date of ALJ award controls when mailed to the parties that day).

Coddington's attorney phoned Dennis (Winnersville's owner) on October 3, 4, or 5 to inquire as to payment of the award. Thus, at the time of the phone call, the time may or may not have run for an appeal. Coddington's attorney faxed another copy of the award to Dennis, who immediately delivered a copy to his own attorney. Dennis further searched his office at Winnersville for the notices received from the ALJ, locating at least one. Neither Dennis nor his attorney made any effort to file an appeal.

In January 2006, Coddington filed an action in superior court to have the court enforce the award under OCGA § 34-9-106 by entering judgment against Winnersville in the amount of the award. Winnersville responded by filing a motion to vacate the award (which, in effect, was a motion under OCGA § 9-11-60 (d) (2) to set aside the award), claiming that it had not received notice of the workers' compensation application and hearing before the ALJ. See *Griggs v. All-Steel Bldgs.*[4] (in OCGA § 34-9-106 enforcement action, employer may move to set aside the award under OCGA § 9-11-60 (d)). Presenting evidence that it carried workers' compensation insurance, Winnersville further argued that the ALJ award should be set aside so this factual error could be corrected and the insurance company added as a party.

Following an evidentiary hearing, the superior court denied Winnersville's motion to set aside, finding that Winnersville had received proper notice of the ALJ hearing and therefore acted negligently in failing to appear. Accordingly, the court granted Coddington's motion to enforce the award. Winnersville has appealed the denial of its motion to set aside the award.

"A motion to set aside may be brought to set aside a judgment based upon . . . [f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant." OCGA § 9-11-60 (d) (2). Winnersville contends that through accident or mistake or the acts of Coddington, the award is defective in that: (i) it is against Winnersville, which as a sole proprietorship is not a legal entity separate from its owner Dennis (see *Dowis v. Watson*[5] ("[a]n unincorporated sole proprietorship is not a separate legal entity from

[3] *Forsyth County Bd. of Ed. v. Trusty*, 187 Ga. App. 470 (370 SE2d 793) (1988).

[4] *Griggs v. All-Steel Bldgs.*, 201 Ga. App. 111, 113-114 (2) (410 SE2d 309) (1991).

[5] *Dowis v. Watson*, 161 Ga. App. 749, 750 (2) (289 SE2d 558) (1982).

the proprietor")); (ii) Winnersville's insurance company was an indispensable party to the award; and (iii) the court erred in finding Winnersville had acted negligently.

The overarching principle in all such motions to set aside is that "[r]elief under OCGA § 9-11-60 (d) (2) may be granted *only* where the grounds are unmixed with the negligence or fault of the movant." (Punctuation omitted; emphasis supplied.) *T.A.I. Computer v. CLN Enterprises.*[6] Based on this principle, a movant who chooses not to attend the ALJ hearing or to appeal an award or judgment therefrom (and thereby has been neglectful or at fault in this regard) may not later seek to have that award or judgment set aside on grounds which could have been corrected at the hearing or by an appeal. Indeed, in the workers' compensation context, *Lavender v. Zurich Ins. Co.*[7] expressly held that:

> If, as contended, the [ALJ] award is not supported by sufficient competent evidence, and is contrary to law because without evidence to support it, *then it should have been appealed on these grounds within the time provided by law.* When the time for appeal has passed, the award is res judicata. *A final judgment cannot be vacated solely on grounds which could have been taken by an appeal from the judgment.*

(Citation omitted; emphasis supplied.) See *Hall &c. Trucking Co. v. Smith*[8] ("[i]f appellant knew or should have known of the fraud in the obtaining of the [workers' compensation] award in time to have raised it by direct appeal," then such ground may not serve as a basis for a motion to set aside).

Here, Winnersville received notice of the ALJ hearing but chose not to participate. After the hearing and the issuance of the award, Winnersville sat on its hands and made no effort to appeal the award to the Board. Thus, to the extent the grounds argued to the superior court could have been corrected in such a missed appeal (or at the hearing Winnersville chose not to attend), Winnersville's motion to set aside necessarily had to fail as a result of its own admitted neglect or fault. See *Automated Med. Svcs. v. Holland*[9] (failure to appear at hearing was fault of party who received proper notice; the judgment could not be set aside on such ground).

Each of the two grounds raised in the motion to set aside (and argued now on appeal) could have been corrected in the hearing

---

[6] *T.A.I. Computer v. CLN Enterprises*, 237 Ga. App. 646, 648 (2) (516 SE2d 340) (1999).

[7] *Lavender v. Zurich Ins. Co.*, 110 Ga. App. 196, 198 (138 SE2d 118) (1964).

[8] *Hall &c. Trucking Co. v. Smith*, 201 Ga. App. 282, 283 (410 SE2d 784) (1991).

[9] *Automated Med. Svcs. v. Holland*, 166 Ga. App. 57, 58-59 (1) (303 SE2d 127) (1983).

before the ALJ or in an appeal to the Board. The first ground — that the defendant/employer should have been designated as Wally Dennis d/b/a Winnersville Roofing Company — easily could have been corrected by the ALJ or Coddington at the hearing level or by the Board in an appeal. Dennis conceded that "Winnersville Roofing Company" was the trade name for his sole proprietorship.

> Where the real defendant has been properly served [here, evidence showed Winnersville received proper notice], a plaintiff has the right to amend in order to correct a misnomer in the description of the defendant contained in the complaint. Correction of a misnomer involves no substitution of parties and does not add a new and distinct party.

(Citations and punctuation omitted.) *Northgate Village Apts. v. Smith.*[10] Accordingly, as such could have been corrected by the ALJ or the Board (had Winnersville exercised its right to appear at the hearing or to file an appeal), a motion to set aside based upon a misnomer in the description of the employer was not within the purview of OCGA § 9-11-60 (d). Id.

Moreover, this alleged defect in the award was hardly a defect. "A trade name such as that which denominates the Sole Proprietorship is merely a name assumed or used by a person recognized as a legal entity. *A judgment against one in an assumed or trade name is a judgment against him as an individual.*" (Citations and punctuation omitted; emphasis supplied.) *Miller v. Harco Nat. Ins. Co.*[11] See *Samples v. Ga. Mut. Ins. Co.*[12]

The second ground for the motion to set aside was that Winnersville's insurance carrier for its workers' compensation insurance was not named in the workers' compensation claim and that the ALJ erroneously found that Winnersville had no insurance. Because of this finding, the ALJ awarded additional penalties against Winnersville and the insurance carrier was not notified of the claim. Once again, Winnersville could have easily corrected this problem by participating in the proceedings before the ALJ; indeed, a show cause order instructing Winnersville to notify the ALJ of any insurance was issued and delivered to Winnersville, and the three notices of hearing each reminded Winnersville to alert its insurance company of the proceedings. Winnersville has no credible ground for its argument that it was the fault of others that the insurance company was not

---

[10] *Northgate Village Apts. v. Smith*, 207 Ga. App. 479, 481 (2) (428 SE2d 381) (1993).

[11] *Miller v. Harco Nat. Ins. Co.*, 274 Ga. 387, 391 (3) (552 SE2d 848) (2001).

[12] *Samples v. Ga. Mut. Ins. Co.*, 110 Ga. App. 297, 299 (138 SE2d 463) (1964).

included as a party or notified of the proceedings. Unlike *Russell v. Fast Framers, Inc.*,[13] where the defunct employer was not notified of the hearing and had no opportunity to correct the problem before the ALJ or the Board, Winnersville had ample notice and opportunity to participate in the ALJ hearing and to file an appeal with the Board. Winnersville's fault or neglect led to the finding of no insurance and to the absence of the insurance company as a party; accordingly, the superior court properly held that as movant, Winnersville could not assert this ground in a motion to set aside. See *Eder v. American Express Co.*[14] (missing party could have been added by amendment and therefore such is not grounds for a motion to set aside).

Based on the above, the superior court did not err in denying Winnersville's motion to set aside the award to Coddington. Accordingly, the trial court properly entered judgment on that award.

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED DECEMBER 18, 2006.

*O. Wayne Ellerbee, Robert D. Howell*, for appellant.
*Copeland & Haugabrook, Karla L. Walker*, for appellee.

---

[13] *Russell v. Fast Framers, Inc.*, 164 Ga. App. 771, 772 (298 SE2d 303) (1982).
[14] *Eder v. American Express Co.*, 138 Ga. App. 168, 170 (2) (225 SE2d 737) (1976) (physical precedent only).