## A10A1459. BRANNON v. GARCIA.

(703 SE2d 668)

BARNES, Presiding Judge.

Gary Brannon appeals the order of the superior court enforcing the award of the State Board of Workers' Compensation under OCGA § 34-9-106,[1] which granted benefits to Daniel Garcia. Brannon contends the superior court abused its discretion and exceeded its authority by modifying the award and by substituting him as a party to an action to enforce a workers' compensation award. We agree and reverse the judgment of the superior court.

The standard of review in workers' compensation appeals is clear:

> In the absence of legal error, the factual findings of the State Board of Workers' Compensation must be affirmed by the superior court and by the Court of Appeals when supported by any evidence in the administrative record. However, erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review.

---

* Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concurred in the original opinion issued in this case. Their successors, Judge Keith R. Blackwell and Judge Stephen Louis A. Dillard, authorized the substitution.

[1] Any party in interest may file in the superior court of the county in which the injury occurred . . . a certified copy of . . . a final order or decision of the members or of an award of the members unappealed from or of an award of the members affirmed upon appeal, *whereupon the court shall render judgment in accordance therewith and notify the parties*. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though the judgment had been rendered in an action duly heard and determined by such court. . . .

(Citation and footnote omitted.) *Trent Tube v. Hurston*, 261 Ga. App. 525 (583 SE2d 198) (2003).

The record shows that Garcia filed a "Petition to Adopt, Modify, and Enforce Order," seeking to enforce a certified order of the Workers' Compensation Board. The award of the State Board of Workers' Compensation attached to the petition showed that Daniel Garcia was the employee and Brennan Roofing Company was the employer. In the award, the administrative law judge found as fact that Garcia was an employee of "Brennan Roofing Company" and that "the claimant's supervisor, Mr. Gary Brennan, had notice of the accident on the day it occurred." The ALJ further found that the employer's failure to appear at the hearing and defend the claim was "tantamount to an admission that it had no reasonable defense." As a consequence, the award ordered "Brennan Roofing Company" to pay benefits, penalties, and attorney fees to Garcia.

In his petition to enforce and modify the workers' compensation award, Garcia styled it as "Daniel Garcia, Employee v. Brennan Roofing Co. [sic] Brannon Roofing Col, Employer, and Gary Brannon, Company Owner." A sheriff's return of service shows Brannon was personally served with a copy of the petition at the same address the ALJ listed for Brennan Roofing Company. After the superior court made the orders of the State Board of Workers' Compensation the orders of the court and adopted all findings of fact and conclusions of law in those orders, Garcia moved "to correct a scrivener's error." In the motion he asked the superior court to change the name of the employer in the State Board of Workers' Compensation's award from Brennan Roofing Company to "Brannon Roofing Company." Then, in a separate motion, Garcia moved to add Gary Brannon as a party defendant. The superior court granted both motions.

By modifying the award in this fashion, the superior court exceeded its authority.

> OCGA § 34-9-106 provides a mechanism for an interested party, who has been awarded benefits, to enforce the award in the superior court in the county in which the injury occurred. The filing of such petition is not a separate suit but rather a continuation of the Board's proceeding. And a superior court lacks jurisdiction in a Section 106 proceeding to hear, dispute, or decide issues of fact which were determined in the administrative forum and which provide the basis for the award or settlement.

(Citation and punctuation omitted.) *Willis v. McClain Indus. of Ga.*, 260 Ga. App. 195, 196 (1) (581 SE2d 293) (2003). The authority of the

superior court is limited to an enforcement of the final award of the State Board of Workers' Compensation. *Kingery Block & Concrete Co. v. Luttrell*, 174 Ga. App. 481, 483 (330 SE2d 181) (1985). Consequently, the superior court had no authority to change the employer's name in the award or to add Brannon as a party to the award. If Garcia deemed this action necessary, his recourse was to the State Board.

Garcia's reliance upon *Winnersville Roofing Co. v. Coddington*, 283 Ga. App. 95 (640 SE2d 680) (2006), is misplaced because *Winnersville* was an appeal of the judgment of a superior court refusing to set aside an award by an administrative law judge. In *Winnersville*, the employee filed an action in superior court under OCGA § 34-9-106 to enforce the workers' compensation award, and in response the employer sought to vacate or set it aside, claiming it had not received notice of the application or hearing. Id. at 96. The superior court denied the motion, finding that the company had received proper notice and was negligent in failing to appear. Id. On appeal, Winnersville argued among other things that the award was defective because it was against a sole proprietorship, which was not a legal entity separate from its owner. Id. We affirmed the superior court's denial of the motion, holding that a misnomer could have been corrected by the ALJ or State Board, and thus was not grounds to set aside the award. We further observed that "this alleged defect in the award was hardly a defect. A trade name such as that which denominates the Sole Proprietorship is merely a name assumed or used by a person recognized as a legal entity. A judgment against one in an assumed or trade name is a judgment against him as an individual." Id. at 98.

Because the superior court was without authority to change the workers' compensation award to add Brannon or change the name of the company, we must reverse.

*Judgment reversed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge William LeRoy McMurray, Jr., concur.*

DECIDED OCTOBER 14, 2010 —
RECONSIDERATION DENIED NOVEMBER 24, 2010 — 

*Burkhalter, Pierce & Burkhalter, Albert F. Burkhalter, Jr.*, for appellant.

*William H. Stoll*, for appellee.