## A11A0659. CITY OF ATLANTA et al. v. HOLDER.
(711 SE2d 332)

ADAMS, Judge.

In a case that is procedurally complex, the key factual issue is whether appellee Richard Holder may be attempting to recover a duplicate workers' compensation award for the same injury. But the primary issue on appeal is whether the City of Atlanta is procedurally barred from contesting the second award. This is the third time the case has appeared in this Court. See *Holder v. City of Atlanta*, 294 Ga. App. 568 (669 SE2d 504) (2008).

Holder, an Atlanta police officer, has had numerous injuries in the line of duty over more than twenty-four years of service resulting from at least six car accidents, lifting injuries, and other incidents. Of particular interest is that on January 16, 1993, he was hit in the head by a flagbearer during a parade causing him to fall, injuring his head, neck, back and left hand. Over the years, Holder filed separate workers' compensation claims for these various injuries.

On November 14, 2006, apparently as a result of a comprehensive negotiation regarding his benefits pursuant to OCGA § 34-9-15, Holder signed a "Stipulation and Agreement" with the City and Novapro Risk Solutions, LP (the servicing agent) regarding accidents and injuries occurring on 15 separate dates spanning 24 years, including January 6, 1993, but not January 16, 1993 — the date of the flagpole related injury. The body of the agreement is seven pages long and includes four separate recitations of the fifteen dates, as well as handwritten entries, including that the City agreed to pay $72,000 ($57,835 for his injuries and $14,165 for attorney fees). The

agreement states that "[i]t is the desire and intention of the parties hereto to forever and irrevocably settle any and all claims and disputes arising out of the accident and injury on or about [the 15 dates]" and that "the employee/claimant *agrees that there has been no other accident* except that stated above." (Emphasis supplied.) See also OCGA § 34-9-1 (4) (defining "injury" to mean "only injury by accident"). The agreement was filed on December 13, 2006 with the State Board of Workers' Compensation. The Board approved the agreement on January 23, 2007, and the City paid Holder and his attorney on January 30, 2007.

There exists, however, a second "Stipulation and Agreement" for which pages two through seven are identical to the first agreement, including the December 13, 2006 file stamp on every page, the body that recites the same fifteen injury dates four times, Holder's signature, the same date of the signature, and the identical handwritten numerical entries of the amounts to be paid. Page one is also identical except that it does not reference the fifteen injury dates. Rather, in handwriting where the typewritten dates had been, the date of injury is shown as "1/16/93." This agreement is also stamped "approved" by the Board, but with an approval date of *January 25, 2007*. Holder asserts that he did not submit this version of the agreement to the Board, rather, the City simply issued it. He was, however, willing to "accept[ ] the agreement approved by the [Board] as payment for the January 16, 1993 injury. . . ." He contends the second agreement represents the City's decision to pay him for an injury not included in the first agreement, and he has pursued getting the City to pay him ever since.

On February 14, 2007, purportedly pursuant to OCGA § 34-9-105 (b), the City and Novapro appealed the January 25, 2007 award to the superior court,[1] asserting, among other things, that the award was procured by mistake or fraud. The superior court held a hearing on May 25, 2007 but failed to issue an order within 20 days of the hearing as required by workers' compensation procedure. *Holder*, 294 Ga. App. at 569-570. In an order dated June 25, 2007, Judge Schwall tried to remedy the matter in an order nunc pro tunc June 13, 2007, "remanding the case to the Board to resolve the factual dispute over which agreement governed." Id. But under the applicable rules, because the court missed the 20-day deadline, the Board's January 25, 2007 award was affirmed by operation of law. Id. The City sought discretionary review of the affirmance by operation of law. This Court

---

[1] But see *Linehan v. Combined Ins. Co.*, 176 Ga. App. 815 (338 SE2d 34) (1985) (a stipulated agreement under OCGA § 34-9-15 is a "consent" award and "[a]n appeal does not lie from a judgment rendered by the consent of the appellant") (physical precedent only).

granted the application, but "the appeal was later dismissed after the City failed to file an appellate brief." Id. at 569.

Apparently no action was taken on the purported remand to the Board, and, after the remittitur was returned to the superior court, Holder filed in the superior court a "Demand for Judgment" on the Board's January 25, 2007 award and later, an amendment thereto. See OCGA § 34-9-106. On January 22, 2008, the trial court denied the demand in reliance on its earlier decision to remand the case to the Board. Holder appealed that decision, and this Court reversed the denial on the ground that the superior court's attempted remand to the Board was void given that "the decision of the Board approving the settlement agreement" had already been affirmed by operation of law and therefore the superior court had lost jurisdiction to enter any order. *Holder*, 294 Ga. App. at 570.

On April 22, 2009, in response to the reversal, the trial court entered this order:

> Accordingly, this Court hereby REVERSES its Order of January 22, 2008 and GRANTS the Appellee's DEMAND FOR JUDGMENT, determining that the STIPULATION AND AGREEMENT between parties dated January 25, 2007 . . . and entered by the State Board of Workers' Compensation is the valid and enforceable agreement, as circumscribed by OCGA § 34-9-105 (b). Accordingly, Employer/City of Atlanta shall be liable to Appellee in the amount of $72,000, plus interest and costs of appeal.

The court also scheduled a hearing for May 15, 2009 for consideration of possible penalties under OCGA § 34-9-221.

On the day of the May 15 hearing, the City moved to set aside the April 22, 2009 judgment pursuant to OCGA § 9-11-60. In support, the City attached the affidavit of the former director of the Settlement Division of the State Board who averred that the "Stipulation and Agreement" dated January 25, 2007 was entirely the product of an internal mistake and that it should never have been issued:

> It was a mistake committed at the State Board due to a number of factors including an inexperienced settlement examiner, a new ICMS computer claims management system, and a new claim filing number system.

The State Board did not have a January 6, 1993 accident date in its files for Holder, and via an internal procedure, the original agreement was corrected before its original approval. Nevertheless, a second claims examiner was confused about the dates and printed a

second copy of the original agreement, which had been scanned into the computer in its final form. She then "whited-out" the 15 dates listed on the cover page of the agreement and hand-wrote the date of "1/16/93" in the same place; she did not make any changes to the body of the agreement, which still refers to the original 15 injury dates. The document was then stamped as being approved on January 25, 2007, and it was scanned into the system just like the original and sent to Holder. The City argued below (and argues in this Court) that "the claimant knows that there was only one agreement signed and intended by the parties and yet has continued to pursue being paid a second time." The City requested a hearing on its motion to set aside.

At the hearing that same day, the topic of the motion to set aside was raised. The court made clear, however, that it was "not having a hearing on the motion to set aside" on that day. Nevertheless, the court assured the parties that it would have a hearing at a later time; but none was ever held. The court did not address possible penalties, and instead ordered the parties to mediate, which ultimately proved unsuccessful.

On July 10, 2009, Holder moved to enforce the judgment entered on April 22, 2009. Nine months later, on March 2, 2010, the superior court granted Holder's motion to enforce the judgment, denied the City's motion to set aside, and allowed the parties to further brief the issues of penalties, interest and attorney fees. On July 20, 2010, the court entered a final order, including penalties of $14,400, interest of $34,531.20, and attorney fees of $3,750, totaling $124,900.20. The City and Novapro appeal aspects of the trial court's final order as well as the denial of the motion to set aside.

The City contends the court erred by denying its request for a hearing on the motion to set aside filed pursuant to OCGA § 9-11-60 (d) and erred by denying the motion itself. We agree with the second contention and therefore need not reach the first. "We review a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) for abuse of discretion. [Cit.]" *Moore v. Davidson*, 292 Ga. App. 57, 58-59 (663 SE2d 766) (2008).

Of relevance here, a motion to set aside may be brought to set aside a judgment based upon:

> (2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant. . . .

OCGA § 9-11-60 (d). Under this provision "even a binding award based on [a workers' compensation settlement] agreement between the parties may be set aside on the ground of fraud, accident or

mistake." *Griggs v. All-Steel Buildings*, 201 Ga. App. 111, 113 (2) (410 SE2d 309) (1991). And because a settlement award by the Board may be reduced to a superior court judgment pursuant to OCGA § 34-9-106, the superior court is the proper forum. Id.; *Hall & Sosebee Trucking Co. v. Smith*, 201 Ga. App. 282 (410 SE2d 784) (1991).

Once the motion is made, the trial judge becomes the finder of fact based on the evidence presented. *Herringdine v. Nalley Equip. Leasing*, 238 Ga. App. 210, 211 (2) (517 SE2d 571) (1999) (physical precedent only). Although the court is not required to hold a hearing, it must specify the manner in which evidence on the motion is to be taken. Id. at 212 (2), and cases cited therein. See also Uniform Superior Court Rule 6.3. Because there may be no hearing, "parties who desire to raise evidentiary issues must attach affidavits to their pleadings to insure that such evidence is put before the trial court." Id. at 213 (2), and case cited therein.

Here, the City attached an affidavit showing that it had no record of any injury to Holder dated January 6, 1993; that the first "Stipulation and Agreement" covered the settlement of the January 16, 1993 injury; that the generation of a second "Stipulation and Agreement" was entirely the product of a mistake; and that there was one and only one settlement agreement with Holder dated November 14, 2006. In addition, the terms of the first Stipulation and Agreement include a statement by Holder that there were no other accidents. Holder chose to not respond to the motion with any evidence in rebuttal. Thus, the only evidence presented shows that Holder is not entitled to the second payment and that he is attempting to recover a second payment for the same injury.

Although relief under OCGA § 9-11-60 (d) is only available where the grounds are unmixed with the negligence or fault of the movant, *T. A. I. Computer v. CLN Enterprises*, 237 Ga. App. 646, 648 (2) (516 SE2d 340) (1999), that principle is not properly invoked here. The superior court's failure to issue a timely order on the City's initial appeal to that court, which resulted in an affirmance by operation of law of the Board's January 25, 2007 award, cannot be attributed to the City. The court below stated, "I will take blame for not signing the order timely." Even though the City's subsequent appeal of the default judgment to this Court was dismissed because the City failed to file a brief, there is no indication that any such appeal could have been meritorious. Indeed, in Holder's later appeal, this Court upheld the affirmance by operation of law based on the strict requirements of workers' compensation law. See *Holder*, 294 Ga. App. at 570. Compare *Winnersville Roofing Co. v. Coddington*, 283 Ga. App. 95, 97 (640 SE2d 680) (2006) (motion to set aside not appropriate where defendant received notice of the ALJ hearing but chose not to participate or to appeal the subsequent award). Thus,

the failure of the City's effort to appeal the award to the superior court on the second "Stipulation and Agreement" is entirely the fault of the trial court.

Holder contends the issues raised in the motion to set aside were raised and decided in the prior appeals of this action and that they are governed by res judicata or law of the case. But the two prior appeals were entirely controlled by a narrow legal issue: the validity and effect of the failure of the trial court to enter an order within the time allowed by law, which caused the decision of the Board approving the second settlement agreement to be affirmed by operation of law. *Holder*, 294 Ga. App. at 568. Furthermore, the issue of fraud or mistake was never litigated on the merits. See *Cantrell v. Home Security Life Ins. Co.*, 165 Ga. App. 670 (1) (302 SE2d 415) (1983) ("'[A] judgment rendered in conformance with an agreement to settle is not synonymous with a contested trial. Obviously, there has not been an adjudication upon the merits, despite the wording of the judgment." [Cit.]) (punctuation omitted).

With regard to the res judicata effect of any earlier trial court order, the law of the case rule has been abolished, see OCGA § 9-11-60 (h), and those orders are subject to a proper motion to set aside:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered *until the judgment is reversed or set aside*.

(Emphasis supplied.) OCGA § 9-12-40.

In conclusion, given that the City was authorized to move to set aside the superior court's order on the ground of mistake and that, in its first opportunity to submit factual support for its argument regarding mistake, it provided unrebutted evidence that the second Stipulation and Agreement was entirely the product of a mistake, the trial court abused its discretion by failing to grant the motion to set aside. The judgment of the court below is therefore reversed and the case remanded with instruction to grant the motion to set aside and for any other proceedings necessary thereto that are consistent with this opinion. All other enumerations of error are moot.

*Judgment reversed and case remanded with direction. Barnes, P. J., and Blackwell, J., concur.*

DECIDED MAY 18, 2011 —
RECONSIDERATION DENIED JUNE 7, 2011.

*Swift, Currie, McGhee & Hiers, Todd A. Brooks*, for appellants.
*Stephen H. Robinson*, for appellee.