**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 18, 2014**

# In the Court of Appeals of Georgia

A13A1961. JARMAN v. JONES et al.

BARNES, Presiding Judge.

Jonathan Jarman appeals the trial court's grant of Mark R. Jones' motion to enforce a settlement agreement. For the reasons that follow, we affirm that portion of the trial court's order granting a consent judgment to Jones against Jarman for $136,000, but remand the case to the trial court for further proceedings as to Jarman's third-party claims against Nancy Bauer, who was not a party to the settlement agreement and did not execute any releases.

While the lengthy, bitter history of multiple litigation among the parties involved is extremely fact-specific, the settlement agreement between Jarman and Jones is not complicated. Jones initially sued Jarman in Fulton County, then dismissed and refiled in Cobb County. Jones contended that Jarman had improperly directed the affairs of a limited liability company whose only asset is a rental property on St. Simon's Island. Jarman filed a motion in the dismissed Fulton County suit

seeking attorney fees under OCGA § 9-15-14, then in the Cobb County case he answered and filed a counterclaim against Jones, a cross-claim against the LLC, and a third-party complaint against Bauer, who is Jarman's ex-wife.

The trial court set a hearing date on Jones' motion seeking a temporary injunction and the appointment of a receiver for the LLC. Three days before the hearing, the parties asked the trial court to remove the matter from the court's calendar, and Jones and Jarman mediated their dispute. After two days, they reached a settlement agreement on July 23, 2012, which was put into writing and signed by both men and their attorneys. Jarman agreed to pay Jones $77,000, and Jones agreed to transfer his interest in the LLC to Jarman, give him a quit-claim deed to the property, and cancel a lis pendens he had filed against the property. They agreed to jointly dismiss all proceedings in the Fulton County case where Jarman's motion for attorney fees was pending against Jones, agreed to request a stay in the Cobb County case, and agreed to either jointly dismiss the Cobb case after Jarman made full payment or, if Jarman defaulted on any payments, file a proposed consent judgment against Jarman for $136,000. Finally, the men agreed to release all of their claims against each other.

Disputes about how to execute the terms of the agreement arose almost immediately. In August 2012, Jarman filed a motion in the Fulton County case to rescind the settlement agreement, and the Fulton County trial court set a hearing on the motion for October 29, 2012. Jones then filed a motion in the Cobb County case to enforce the settlement, and Jarman responded by notifying the Cobb County court of the upcoming Fulton County hearing on his motion to rescind the settlement agreement.[1]

On October 8, 2012, the Cobb County trial court held a hearing, at which Jarman did not appear, and granted Jones' motion to enforce the settlement agreement, finding that the parties had entered into a "binding and enforceable settlement agreement" and that Jarman had failed to perform his side of the bargain. The court entered judgment against Jarman for $136,000 and dismissed with prejudice all claims, counter-claims, third-party claims and cross claims pursuant to the settlement agreement, which provided that "[s]hould the Settlement Amount not be paid in accord with the terms stated herein, the Cobb County Litigation shall be terminated by filing of the Consent Order[.]"

---

[1]The Fulton County court subsequently stayed proceedings pending this appeal.

Jarman moved the court to reconsider the order, arguing that he had notified the trial court's calendar clerk that the matter was set for hearing in Fulton County and informing the court "that it lacked jurisdiction to hear the matter until [the Fulton County trial court] ruled on said motions pending before his court." The trial court denied the motion, finding that Jarman acknowledged in his motion for reconsideration that he had received notice of the hearing and did not appear.

Jarman argues on appeal that the trial court lacked jurisdiction to decide the motion to enforce the settlement in this renewal action, because Jarman's motion for attorney fees under OCGA § 9-15-14 was still pending in the original Fulton County action. He contends that these fees constitute "costs" which must be paid before the suit could be renewed in Cobb County. He also argues that questions of fact exist for a jury to determine and that the trial court erred in dismissing his claims against Bauer because she was not a party to the settlement agreement.

1. Jarman contends that the Cobb County court had no jurisdiction to consider this renewal action because costs had not been paid in the dismissed Fulton County action, specifically, attorney fees. In his answer to Jones' complaint, Jarman asserted as a defense that "final costs" had not been assessed or paid in the earlier suit. But Jones notes that Jarman filed his Fulton County motion for attorney fees six days after

4

Jones filed his renewal action in Cobb County, and the Fulton County judge stayed those proceedings pending this appeal.

Under OCGA § 9-11-41 (a) (1) (A), a plaintiff may dismiss an action without prejudice before the first witness is sworn, and 9-11-41 (d) provides that the plaintiff must "first pay the court costs of the action previously dismissed" before filing a second action based on the same claim. "[P]ayment of costs in a dismissed action is not an affirmative defense but a jurisdictional matter which may never be waived," *Tucker v. Mitchell*, 252 Ga. 545 (314 SE2d 896) (1984), and attorney fees imposed as sanctions under OCGA § 9-15-14 are "costs" that must be paid before suit can be filed. OCGA § 9-15-14 (g). But in this case it would be illogical to hold that Jones should have paid attorney fees in the Fulton County case before filing the renewal suit in Cobb County when Jarman had not even filed an attorney fee motion in Fulton County when the renewal suit was filed. See *Jeff Davis Hosp. Auth. v. Altman*, 203 Ga. App. 168, 169 (416 SE2d 763) (1992) (precondition to renewal suit does not include costs unknown to plaintiff after a good faith inquiry). Indeed, according to the parties, the Fulton Court has still not ruled on Jarman's motion for attorney fees.

Considering the fact that Jarman had not filed a motion for attorney fees in the original Fulton County suit when Jones filed his renewal suit in Cobb County, the

5

trial court clearly did not err in declining to dismiss the Cobb County renewal suit for failure to pay costs in Fulton County.

2. Jarman argues that the trial court erred in enforcing the settlement because questions of fact exist for a jury to determine about whether Jones breached the settlement agreement, failed to transfer "a mortgageable interest in the Property," acted in bad faith, and committed "inceptive fraud" in entering the agreement. We are not persuaded that genuine issues of material fact exist to be determined by a jury. Further, Jarman made the decision not to attend the hearing and present his arguments and evidence to the trial court which was considering Jones' motion to enforce their settlement agreement. A judgment will not be set aside because a party who received proper notice failed to appear. *Automated Med. Svcs. v. Holland*, 166 Ga. App. 57, 58-59 (1) (303 SE2d 127) (1983). See also *Potter v. Wal Computers*, 220 Ga. App. 437, 440 (3) (469 SE2d 691) (1996) (new trial unwarranted "when parties have actual notice of an upcoming trial and are prejudiced only by their own lack of due diligence"). Jarman therefore waived his arguments about existing factual issues by not presenting them to the trial court at the motions hearing.

3. Finally, Jarman argues that the trial court erred in dismissing his third-party claims against Bauer because she was not a party to the settlement agreement. We

6

agree. While Bauer is correct that a third-party beneficiary to a contract need not necessarily be named as long as the intention to benefit is shown on the face of the agreement, "for a third party to have standing to enforce a contract . . . it must clearly appear from the contract that it was intended for [her] benefit. The mere fact that [s]he would benefit from performance of the agreement is not alone sufficient." (Citations omitted.) *Backus v. Chilivis*, 236 Ga. 500, 502 (224 SE2d 370) (1976). Bauer has not argued, much less cited to evidence in the record, that the settlement agreement was intended for her benefit, other than to note that she would benefit from the termination of the Cobb litigation, and that is not enough.

If Jarman did not pay as agreed, the settlement provided that "the Cobb County Litigation shall be terminated by filing of the Consent Order as provided in paragraph 1 of this Settlement Agreement." Paragraph 1 of the Settlement Agreement provided that Jarman consented to the entry of a consent judgment against himself in favor of Jones, which would be filed only in the event that Jarman defaulted on payment.

The Settlement Agreement does not mention Jarman's third-party claims against Bauer. It states that it includes the essential terms of the settlement between Jarman and Jones reached at mediation, and provided that Jones and Jarman agreed to compromise and settle all disputes between themselves regarding ownership of the

7

real property underlying their disagreements. Finally, the agreement provided that Jones released Jarman from any claims and vice-versa, but contained no provisions regarding the release of claims against Bauer, who did not participate in the mediation. In fact, a proposed consent judgment that Jones sent to Jarman for his review on September 4, 2012, which Jarman did not sign, specifically provided that "All other Claims, Cross Claims, and Third Party Claims between [and] among the Defendants and Third-Party Defendant Nancy E. Bauer are to remain pending until final adjudication on the merits by the Court of Jury."

Accordingly, while we affirm the entry of judgment against Jarman in favor of Jones, we reverse the entry of judgment as to Jarman's third party claims against Bauer and remand to the trial court for further proceedings as to those claims.

*Judgment affirmed in part, reversed in part, and case remanded for further proceedings. Miller and Ray, JJ., concur.*